### In re DOW'S ESTATE.

(District Court, S. D. Iowa, Central Division. December 26, 1900.)

#### No. 835.

BANKRUPTCY—DISCHARGE—CREDITORS' MEETING—PERJURY.

Where a voluntary bankrupt's application for discharge was opposed by creditors on the ground that the bankrupt had committed perjury on his examination as to his assets before the referee at the creditors' meeting, such defense was not demurrable, though the bankrupt's perjured testimony could not be used against him in a criminal prosecution; a truthful and full disclosure being the condition precedent to the bankrupt's right to a discharge.

In Bankruptcy.

Cardell, Giddings & Winegar, for bankrupt.
Harvey & Harvey, for creditors.

McPHERSON, District Judge. This is a case of voluntary bankruptcy, and the bankrupt seeks a discharge. Objections thereto were filed by several creditors. To two of these objections the bankrupt has demurred, urging thereby that no good reasons are assigned for not granting the discharge. The demurrer was by the referee sustained, which ruling is before the court for review.

Mr. Dow was adjudged a bankrupt February 7, 1900. The first

creditors' meeting was February 23, 1900. At that meeting, it is alleged in the objections to a discharge, Mr. Dow was duly sworn, and testified before the referee that the reason why he had not paid his creditors was "that for nearly eight years he had had sickness in his family,—a sick wife. He had had expenses there that made it impossible for him to meet his accounts, and that was his present condition,"—and, further, when asked if he had put his money in the bank, testified under oath: "No, sir; never put money in the bank." His salary had been used, prorated as nearly as possible, for groceries, meat bill, clothing, coal, and family expenses. The creditors allege this evidence was willfully false, and so known to be by Mr. Dow when he so testified. I take it that the creditors mean to charge perjury.

I know of no question under the act of 1867, or under the law now in force, that has not been differently answered by referees and judges. And so it is with the question now under consideration. My views of the bankrupt law,—as to some phases, at least,—briefly stated, are as follows: If the law is in good faith complied with, the debtor is given the extraordinary privilege of being released from his debts by paying a per cent. thereof, and oftentimes by paying no sum. That is his right under laws specifically authorized by the constitution. The creditors must submit to that, with no just ground of complaint. But before receiving his discharge, the debtor, with no just ground of complaint, must submit to and do many things. He must file a correct list of his creditors, giving amount due each, his address, the consideration of the indebtedness, etc. He must correctly set forth his exemptions. He must truthfully schedule all his assets. He must submit to an examination, and under oath, at the meeting of the creditors. This is controverted, but the many provisions lead me to conclude that he is examined under oath. And in all respects he must be honest and fair. He must conceal nothing. There must be no unlawful preferences. When he says to the court, "I want a discharge," he must also say, "Here is my past and present condition. I have done this and that as to my creditors, and this and that with my assets." He must so say truthfully, and not with perjury upon his lips. The law for proceedings in "voluntary" bankruptcy does not exist for rascals. A dishonest debtor has no standing in such a proceeding.

It was claimed by counsel for the bankrupt, in argument before me, that at the meeting of the creditors the bankrupt could commit perjury by wholesale, and could defiantly say:

"What are you [creditors] going to do about it? That the statute says my perjured testimony cannot be used against me in a criminal prosecution, and I not only have the right to wipe out my debts without paying them, but I will defy my creditors, and will mislead and deceive them, and will deceive the referee and the court by my corrupt perjury."

This, in substance, was not only eloquently said by counsel, but was logically said, if his interpretation of the statute is a correct one. But I do not so interpret the statute. A criminal prosecution for his false testimony is one thing. His prayer for a discharge is another matter. The referee and the bankrupt's counsel both rely upon the

opinions of Judge Evans, of the Kentucky district, in the cases of In re Marx (D. C.) 102 Fed. 676, and In re Logan, Id. 876. And those opinions do sustain their position. But they do not persuade me. Judge Evans says to hold otherwise than he does "would be to set a trap for the debtor." To hold otherwise than I do, I think, would be to set a trap for the creditors, or else to so set the trap that the debtor could get all the bait (a discharge), and yet not spring the trap. None of these suggestions are intended to reflect upon Mr. Dow. I know nothing of his conduct. I simply know that the creditors have charged him with false statements. And, having demurred, for the time being the charges against him must be taken as true, until the referee has heard the evidence. The demurrer should have been overruled.