## In re GAYLORD.

(Circuit Court of Appeals, Second Circuit. December 6, 1901.)

### No. 67.

1. BANKRUPTCY—PERJURY OF BANKRUPT—DISCHARGE.

Under Bankr. Act, § 29, making a false oath by any person in any proceeding in bankruptcy an offense punishable by imprisonment, and section 14, providing that a discharge may be granted to a bankrupt unless he has committed such an offense, a bankrupt who has intentionally testified falsely respecting a material fact at the first meeting of creditors is not entitled to a discharge, though he could not be convicted of perjury because of the provisions of section 7 that no testimony given by him at any such meeting shall be offered in evidence against him in any criminal proceeding; the application for discharge not being a criminal proceeding.

**2. SAME—EVIDENCE.**

> Where a bankrupt testified at the first meeting of his creditors that at the time he conveyed certain property to his wife he did not know a certain suit had been decided against him, such testimony is not shown to be false by proof that on the day the conveyance was made notice of the decision was published in a newspaper, for which he was a subscriber, in the county in which he lived, and was mailed to him so that it should have reached him that day.

Appeal from the District Court of the United States for the Northern District of New York.

For opinion below, see 106 Fed. 833.

Before WALLACE and LACOMBE, Circuit Judges, and TOWNSEND, District Judge.

WALLACE, Circuit Judge. If the bankrupt, in his examination at the first meeting of creditors, intentionally testified falsely respecting a material fact, we do not doubt that his perjury constituted a valid objection to his discharge, and that his discharge should have been refused. Section 7 of the bankrupt act provides that no testimony given by the bankrupt at any meeting of creditors "shall be offered in evidence against him in any criminal proceeding." The proceeding for a discharge is not a criminal proceeding, and the section has no apparent application to it. His right to a discharge is governed by section 14. That section, among other things, authorizes the court of bankruptcy to grant him a discharge unless he has "committed an offense punishable by imprisonment as herein provided." The words descriptive of the offense which will preclude a discharge refer to section 29. That section defines the criminal offenses created by the act, and separates them into two classes; one class being those punishable by imprisonment, and the other being those punishable by fine. Six offenses are therein enumerated in the class which are punishable by imprisonment. One of the six is the making of a false oath by any person in any proceeding in bankruptcy. It is the obvious meaning of section 14 that the commission of any one of the six offenses shall preclude the bankrupt from obtaining a discharge, and the words "offenses punishable by imprisonment as herein provided" are used to save a particular enumeration of these offenses. The false oath is none the less an offense because it cannot be proved. If it is in the category of offenses for which the punishment is imprisonment by the terms of section 29, it matters not whether the bankrupt can or cannot be convicted of it. We have been referred to the case of In re Marx (D. C.) 102 Fed. 676, as sanctioning a different conclusion, but we are unable to assent to the reasoning of that decision.

The false oath of the bankrupt which is relied upon to defeat his discharge consisted in testimony to the effect that when he made the transfer of his property to his wife in November, 1895, he did not know that the pending action brought by him against the board of supervisors of Schoharie county had been decided adversely to him. The testimony was in respect to a material fact if the bona fides of the transfer to his wife measurably depended upon his knowledge of the adverse adjudication, and if the validity of the transfer was a

proper matter of concern to the trustee in bankruptcy. If the transfer was void as against the trustee in bankruptcy because fraudulent as to creditors, it was a proper subject of investigation, and it is not important that it was made before the passage of the bankrupt act. The court below did not pass upon the question whether the testimony was material or not, but placed its decision upon the conclusion that the proof in support of the objections to the bankrupt's discharge did not show his testimony to be false. In this conclusion we concur.

The testimony of the bankrupt throughout his examination at the first meeting of the creditors was so evasive and disingenuous as to discredit his truthfulness, but his discharge cannot be defeated upon such a consideration. It is incumbent upon the opposing creditor to establish satisfactorily that the particular statements of which perjury is predicated were false. They cannot be found to be false upon mere conjecture. The only affirmative evidence that he had any knowledge of the decision when he made the transfer to his wife in November consists in the fact that a copy of a newspaper to which he was a subscriber, containing a notice of the decision, was mailed to him November 28th, and, according to the due course of mail, should have reached him the same day. The presumption is that the newspaper reached him according to the usual course of mail, but it does not appear at what time of the day he should have received it. The transfer to his wife was made on the 28th, but it does not appear at what time of the day the bill of sale was executed. For all that appears, he may have received the paper after the transfer was made; and, even if he received it earlier, he may not at that time have read it, or become informed of its contents. The evidence in respect to the transfer falls far short of showing it to have been a fraudulent one. The evidence also fails to disclose that the decision was of a purport which was likely to have influenced the bankrupt to make the transfer. It appears that he was the plaintiff in the action, and was defeated; but the amount involved does not appear, and whether or not his financial circumstances were crippled or materially affected by the adverse decision is purely conjectural. In the most unfavorable view for the bankrupt, the facts in evidence and their legitimate inferences are as consistent with his innocence as with his guilt.

The order is affirmed, with costs.