UNITED STATES v. SIMON.

(District Court, W. D. Washington, N. D. June 1, 1906.)

No. 3,253.

1. BANKRUPTCY—PROOF OF CLAIMS—WITNESSES—EXAMINATION UNDER OATH.

Bankr. Act July 1, 1898, c. 541, § 2 [U. S. Comp. St. 1901, p. 3420], provides for the allowance of claims against bankrupt estates, the determination of all controversies relating thereto, and authorizes the bankruptcy courts and its officers to enforce obedience by bankrupts of all lawful orders by fine or imprisonment. Section 7 (page 3425) requires the bankrupt to submit to an examination at the first meeting of his creditors and at such other times as the court shall order, and section 20 (page 3430) declares that oaths required by the act, except on hearings in court, may be administered by referees. Section 21 (page 3430) provides that a court of bankruptcy, on application of any officer, bankrupt, or creditor, by order may require any designated person, including the bankrupt, who is a competent witness under the laws of the state, to appear in court or before a referee to be examined concerning the bankrupt's property, and section 29 (page 3433) provides a punishment of imprisonment for the making of a false oath or account in, or in relation to, a bankruptcy proceeding. Section 38 (page 3435) confers on referees power to administer oaths and examine persons as witnesses, and section 57 (page 3443) provides for proof of claims. *Held*, that such sec-

tions authorize a referee in bankruptcy to administer an oath to a witness, including the bankrupt, appearing either voluntarily or by compulsory process, and testifying in support of claims filed against the bankrupt's estate.

2. WITNESSES—PRIVILEGE — IMMUNITY STATUTES — CONSTRUCTION — EXAMINATION OF BANKRUPT—PERJURY.

Bankr. Act July 1, 1898, c. 541, § 7 [U. S. Comp. St. 1901, p. 3425], requiring a bankrupt to submit to an examination concerning his business at the first meeting of his creditors, and providing that no testimony given by him shall be offered in evidence against him in any criminal proceeding, does not prohibit the use of a bankrupt's testimony given in any case, but applies only to testimony given by a bankrupt in his own bankruptcy case, and confines the prohibition to the use of such testimony against him in criminal proceedings.

3. SAME.

Under Bankr. Act July 1, 1898, c. 541, § 7 [U. S. Comp. St. 1901, p. 3425], providing that no testimony given by a bankrupt shall be offered in evidence against him in any criminal proceeding, a bankrupt cannot be convicted of perjury for false testimony given by him in support of a claim filed against his estate in bankruptcy.

Indictment of a bankrupt for perjury committed in giving testimony under oath before a referee in support of contested claims against his bankrupt estate. Demurrer to the indictment sustained.

Jesse A. Frye, U. S. Atty.
Richard Saxe Jones and William H. Brinker, for defendant.
Gray & Stern, amicus curiæ.

HANFORD, District Judge. By the indictment the defendant is accused of the crime of perjury, committed by giving false testimony under oath in support of claims against his estate (he being a bankrupt) before a referee in the investigation of the claims referred to. The defendant on being arraigned demurred to the indictment, specifying three grounds, the first of which is that the charge of perjury cannot be predicated upon false testimony in bankruptcy proceedings, under the act of July 1, 1898, c. 541 [U. S. Comp. St. 1901, p. 3418], for the reason that there is no law of the United States authorizing a witness or the bankrupt to be sworn in a court of bankruptcy to give testimony in proof of a creditor's claim, and without such a law false testimony under oath does not constitute a crime against the United States.

1. I do not agree with the defendant's counsel in their contention that the bankruptcy law has failed to confer power upon the courts to examine witnesses under oath in order to ascertain the facts upon which the validity of claims of creditors must be determined.

The second section of the act enumerates certain powers conferred upon the bankruptcy courts, including power to—

"Allow claims, disallow claims, re-consider allowed or disallowed claims, and allow or disallow them against bankrupt estates; * * * cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto except as herein otherwise provided; * * * enforce obedience by bankrupts, officers, and other persons to all lawful orders, by fine or imprisonment or fine and imprisonment."

The seventh section provides that the bankrupt shall—

"When present at the first meeting of his creditors, and at such other times as the court shall order, submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters affecting the administration and settlement of his estate; but no testimony given by him shall be offered in evidence against him in any criminal proceeding."

The twentieth section provides that:

"Oaths required by this act, except upon hearings in court, may be administered by referees; * * * any person conscientiously opposed to taking an oath may, in lieu thereof, affirm. Any person who shall affirm falsely shall be punished as for the making of a false oath."

The twenty-first section provides that:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt, who is a competent witness under the laws of the state in which the proceedings are pending, to appear in court or before a referee or the judge of any state court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act."

The twenty-second section authorizes courts of bankruptcy—

"To refer bankruptcy proceedings generally to referees or specially with only limited authority to act in the premises or to consider and report upon specified issues."

The twenty-ninth section provides that:

"A person shall be punished, by imprisonment for a period not to exceed two years upon conviction of the offense of having knowingly * * * made a false oath or account in, or in relation to, any proceeding in bankruptcy."

Section 38 provides that:

"Referees respectively are invested with jurisdiction * * * to exercise the powers vested in courts of bankruptcy for the administering of oaths to and the examination of persons as witnesses and for requiring the production of documents in proceedings before them; except the power of commitment."

Section 57 provides that:

"Proof of claims shall consist of a statement under oath, in writing, signed by a creditor, setting forth the claim, the consideration therefor, and whether any, if so, what payments have been made thereon, and that the sum claimed is justly owing from the bankrupt to the creditor. * * * Claims which have been allowed may be re-considered for cause and re-allowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

By the foregoing provisions of the bankruptcy law, it appears to be plain that bankruptcy proceedings are to be conducted judicially, and according to the general course of procedure in courts, and there is no doubt in my mind that this law does expressly authorize an oath to be administered by a referee in bankruptcy to a witness appearing voluntarily or under compulsory process to give testimony in support of claims presented by alleged creditors, and I hold that the indictment is not obnoxious to a demurrer upon the first of the grounds assigned.

2. The second objection to the indictment is upon the ground that perjury cannot be assigned upon the alleged false testimony given by the defendant before the referee, for the reason that said testimony was not material or relevant to any issue then being tried. This objection appears to me to be without merit, and no argument has been made in support of the same, save the bare assertion of counsel that the testimony "could not be material."

3. The third ground upon which the demurrer attacks the indictment is that the law grants complete immunity to a bankrupt from prosecution for the crime of perjury committed in giving testimony in any proceeding relating to the administration of his bankrupt estate. This contention is based upon the general and comprehensive provision contained in the ninth subdivision of section 7 of the bankruptcy act, above quoted. The statute is mandatory and absolute; that is to say, without any qualifying phrase or exception, it declares that no testimony given by a bankrupt shall be offered in evidence against him in any criminal proceeding. Of course, this provision of the statute must not be enlarged by a literal reading, so as to prohibit the use of a bankrupt's testimony given in any case; the only limitations, however, consistent with the words, will merely restrict the application of this clause to testimony given by a bankrupt in his own bankruptcy case, and to the use of such testimony against him in criminal proceedings. There is manifestly a purpose in this section to either coerce or induce a bankrupt to make a full disclosure of all knowledge and information which he may have, and which may be serviceable in securing to his creditors all of their rights, and in the due administration of his estate. The Supreme Court, however, in the case of Burrell v. Montana, 194 U. S. 572, 24 Sup. Ct. 787, 48 L. Ed. 1122, has determined that this statute does not grant immunity to a bankrupt from prosecution for any criminal offense committed by him and revealed by his testimony in his bankruptcy proceedings, and by the rule given in the case of Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110, this failure to provide complete immunity deprives the statute of all virtue as a coercive law, because a person cannot be compelled to answer incriminating questions by any exertion of judicial power, under a statute which does not fully protect him from being prosecuted as a criminal for any act which may be proved or detected by the use of his testimony. The decision in Burrell v. Montana establishes another proposition, viz.: Unless the bankrupt claims the protection of the provision in section seven (9) by objecting to the introduction of testimony given by him in his bankruptcy proceedings, such testimony may be used in a criminal prosecution against him. The converse of that proposition —viz., it would be reversible error for any court to admit testimony given by a bankrupt in his bankruptcy proceedings in a criminal proceeding against him if he interposed a timely objection to such evidence—must be true. Therefore, if the court should overrule this demurrer, and, upon a plea of not guilty being entered, should bring the defendant to trial, it would be obliged to sustain his objection to any evidence offered, tending to prove that he did in the pro-

ceedings before the referee give the testimony alleged in the indictment, and refuse to permit the government to prove that such testimony was given, and then, for lack of proof to sustain the charge in the indictment, the court would be obliged to instruct the jury to render a verdict of not guilty. This would be the necessary result, unless the defendant should waive his right to object to the introduction of the testimony essential to prove the case against him, because the testimony given before the referee is the foundation of the case, and must necessarily be proved in order to prove that perjury was committed.

I consider that it is idle to imagine that the defendant will not persist, until the final determination of this case, in asserting all the rights which the law gives him, and that it is beneath the dignity of the government of the United States to prosecute a case in the vain hope of obtaining a conviction by the defendant's consent, or by a waiver of his legal rights. This demurrer is notice to the court that the defendant will not assist the government to send him to a penitentiary by waiving a valid objection to the vital part of the government's case, for if he believed that he could vindicate himself he would not have adopted means to avoid the only good opportunity to confront his accusers.

In the written argument in support of the indictment, submitted by learned counsel as amicus curiæ, the court is urged to construe the last clause of section seven (9) of the bankruptcy law as a "reaffirmation of section 860 of the United States Revised Statutes," making it especially applicable to bankruptcy proceedings; the effect of such construction being to add to the clause of section seven (9) the proviso at the end of section 860, Rev. St. [U. S. Comp. St. 1901, p. 661], which reads as follows:

"Provided, that this section shall not exempt any party or witness, from prosecution and punishment for perjury committed in discovering or testifying as aforesaid."

The argument in support of this contention being that it is simply an outrage upon justice to permit a bankrupt to actively participate in an attempt to commit a fraud upon his creditors, by giving perjured testimony in support of fictitious claims, and by a literal construction of the statute shield him from the consequences to which others who commit the crime of perjury are exposed. This argument should have convincing force if addressed to the Legislative branch of the government, but addressed to a court it is nothing else than a temptation to overstep the line marking the limit of judicial power. The omission of the proviso annexed to section 860, Rev. St. U. S., and of any words of equivalent import, naturally suggests the inquiry, why the omission? If it was intentional, then necessarily Congress did not create an exception to the prohibition of the use of a bankrupt's testimony, and if it may be regarded as an inadvertent omission, still there is no exception created by Congress, and the court is not authorized to revise the statutes and amend them by ingrafting exceptions and provisos either to correct supposed inadvertent errors or to overrule the will of the legislative branch of the government. The rule on

this subject has been tersely expressed by Mr. Justice Davis in this axiom: "There is no authority to import a word into a statute in order to change its meaning." Newhall v. Sanger, 92 U. S. 765, 23 L. Ed. 769.

The decision of the Supreme Court in Burrell v. Montana in effect overrules Mackel v. Rochester, 102 Fed. 314, 42 C. C. A. 427, and agrees with the decision of Judge McDowell in U. S. v. Goldstein (D. C.) 132 Fed. 789, on the point that section seven (9) of the bankruptcy act does not deprive a bankrupt of his constitutional privilege of refusing to answer a question, if the answer may tend to incriminate him, by showing that he had committed an offense defined by the act.

In the Marx Case (D. C.) 102 Fed. 676, Judge Evans overruled an objection to the discharge of a bankrupt on the ground that he had made false statements in his examination, and for the reason that in his opinion the crime of perjury committed by a bankrupt in the course of his examination, pursuant to section seven (9), is not punishable. See In re Logan (D. C.) 102 Fed. 876. Other courts have disapproved this decision, but they have not attempted to show that perjury by a bankrupt, committed in giving testimony in the proceedings in his case, may be punished. See In re Dow (D. C.) 105 Fed. 889; In re Goodale (D. C.) 109 Fed. 783; In re Gaylord, 112 Fed. 668, 50 C. C. A. 415; In re Leslie (D. C.) 119 Fed. 406.

The most forcible expression concerning the meaning and effect of the last clause of section seven (9) of the bankruptcy law found in the above list of cases is by Judge Ray in 119 Fed., at page 409, as follows:

"This last clause was not written into the law as an encouragement to, or as a premium on, perjury. Nor was it placed there to license the bankrupt as a liar in the proceedings, and protect him from the consequences of his misstatements when he comes to apply for his discharge. The evidence cannot be used against him in any criminal proceeding. This is all."

This excerpt from Judge Ray's opinion contains two propositions. The first strongly combats Judge Evans' conclusion; the second fairly concedes his premises, and is a simple declaration that the law means exactly what its words import, and nothing else. That identical idea is controlling in this case.

It is my conclusion that, although the statute does not, in terms, grant immunity from prosecution, it does create an obstacle equally effective to prevent a conviction of the defendant.

Demurrer sustained.