## WECHSLER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 7, 1907.)

No. 53.

1. PERJURY—MAKING FALSE OATH IN BANKRUPTCY PROCEEDING—IMMUNITY STATUTE.

Bankr. Act July 1, 1898, c. 541, § 7, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], which requires a bankrupt to submit to an examination under oath as to various matters specified, with the proviso that "no testimony given by him shall be offered in evidence against him in any criminal proceeding," does not give immunity from prosecution for giving false testimony upon any such examination.

2. SAME—CONSTRUCTION OF STATUTE.

Bankr. Act July 1, 1898, c. 541, § 29b (2), 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], providing for the punishment of any one who shall willfully and fraudulently make a false oath in or in relation to any proceeding in bankruptcy, does not create a new offense, but merely prescribed a different penalty for the crime of perjury already defined by Rev. St. § 5392 [U. S. Comp. St. 1901, p. 3653], when committed in or in relation to bankruptcy proceedings; the offense being within either statute.

3. INDICTMENT—SUFFICIENCY—INDORSEMENT UNDER WRONG STATUTE.

That an indictment is indorsed on the margin as having been based on a particular statute is immaterial; such indorsement being no part of the indictment, which is good if it charges an offense under any statute, although indorsed and purporting to be drawn under a different one.

4. CRIMINAL LAW—JUDGMENT—EXCESSIVE SENTENCE.

The imposition of sentence in a criminal case under the wrong statute, and for a more severe penalty than authorized, does not render the prosecution unavailing, but a new judgment may be entered conforming to the law.

[Ed. Note.—Powers of court to revise sentence, see note to Nichols v. United States, 46 C. C. A. 412.]

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the Circuit Court, Southern District of New York. The plaintiff in error, a bankrupt, was indicted for the commission of willful and corrupt perjury before a special commissioner in bankruptcy while giving testimony upon oath as to certain of his transactions. He was convicted on two counts, and sentenced to two years' imprisonment and to pay a fine of $1. Two assignments of error only were argued before this court, and these only will be considered. They are as follows: (1) The court erred in admitting in evidence the testimony of the defendant upon his examination in the bankruptcy proceedings herein. (2) The court erred in not dismissing the indictment on the ground that the crime charged in the indictment did not come within section 5392 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 3653], but within section 29 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433]).

A. J. Dittenhoefer and Gerber & James (Dudley F. Phelps, Jr., of counsel), for plaintiff in error.

Henry L. Stimson, U. S. Atty., and E. J. Myers, Asst. U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The bankruptcy act of July 1, 1898 (30 Stat. 548, c. 541, § 7 [U. S. Comp.

St. 1901, p. 3424]), requires the bankrupt to submit to an examination under oath as to various matters specified therein, with the proviso that "no testimony given by him shall be offered in evidence against him in any criminal proceeding." It is contended that the immunity thus accorded in broad, unqualified language should apply to prosecution for falsely testifying upon any such examination; and it is suggested that the section quoted from does not contain the qualification found in section 860, Rev. St. U. S. [U. S. Comp. St. 1901, p. 661] (and in other federal statutes), that the immunity provision "shall not exempt any  *  *  *  witness from prosecution and punishment for perjury committed in  *  *  *  testifying as aforesaid." Plaintiff in error cites in support of his contention the opinion of Judge Hanford in U. S. v. Simon (D. C.) 146 Fed. 89, and the dissenting opinion of Judge Phillips in Edelstein v. U. S., 149 Fed. 636, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236, which are directly in point and fully sustain his contention. He also cites dicta in Re Marx (D. C.) 102 Fed. 676, and in Re Logan (D. C.) 102 Fed. 876, in Re Leslie (D. C.) 119 Fed. 406, in Re Dow's Estate (D. C.) 105 Fed. 889, and in Re Gaylord, 112 Fed. 668, 50 C. C. A. 415. On the other hand, the provision quoted was held not to give immunity from prosecution for giving false testimony upon an examination under the bankrupt act in a well-considered opinion concurred in by a majority of the court in Edelstein v. U. S., 149 Fed. 636, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236 (C. C. A. Eighth Circuit); and an application for certiorari in that cause was refused by the Supreme Court (205 U. S. 543, 27 Sup. Ct. 791, 51 L. Ed. 922). Whatever might be our conclusions were the question presented as a novel one, we are clearly of the opinion that we should follow the construction adopted in the Eighth Circuit and left undisturbed by the Supreme Court, so that in a matter of so much importance the decisions of the federal courts in the different circuits may be uniform.

It is manifest from its inspection that the pleader who drew the indictment in this case framed it on the provisions of section 5392, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3653], which he referred to in the margin, and which reads as follows:

"Sec. 5392. Every person who, having taken an oath before a competent tribunal, officer or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed is true, wilfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall be punished by a fine of not more than two thousand dollars, and by imprisonment, at hard labor, not more than five years; and shall, moreover, thereafter, be incapable of giving testimony in any court of the United States until such time as the judgment against him is reversed."

The bankruptcy act of 1898 (section 29) provides that:

"A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offence of having knowingly and fraudulently  *  *  *  made a false oath or account in, or in relation to, any proceeding in bankruptcy."

It is manifest that what the bankrupt did, assuming the facts to be as the jury found them, was equally within the provisions of either

cf these sections. He made a false oath in a proceeding in bankruptcy. Having taken an oath before a competent person in a case in which a law of the United States authorizes an oath to be administered that he would testify truly, he stated material matter which he did not believe to be true. When a person states matter which he does not believe to be true "wilfully and contrary to his oath," he may certainly be said to make a false oath "knowingly and fraudulently." We have then an offense covered by two penal sections; the earlier one imposing the heavier sentence. How shall they be construed? The earlier statute is most comprehensive. It covers oral and written false statements when sworn to before any competent tribunal, officer, or person in any case in which a law of the United States authorizes an oath to be administered. The later statute covers such statements only when made in, or in relation to, any proceeding in bankruptcy. The principle of construction to be applied, unless there are some special considerations which prevent such application, is too well settled to require the citation of authorities. The later special statute operates to restrict the effect of the general act from which it differs. The two sections may be construed together as providing a stated penalty for the crime of false swearing generally, with the proviso that, when such false swearing occurs in a bankruptcy proceeding, the offender, upon conviction, shall be subjected to a different penalty.

Counsel for the government, however, contends that this rule of construction does not apply, because section 29 of the bankruptcy act creates a new statutory offense, not covered by section 5392 of United States Revised Statutes. The proposition advanced is that:

"A false oath made or taken before a commissioner of deeds, a justice of the peace, or a master in chancery would be capable of being used in a bankruptcy proceeding, * * * but would alone be insufficient to constitute the crime of perjury."

The argument is that the making of such a false oath would not be "within either the common-law or statutory definition of perjury." The making of a false affidavit is not perjury at common law when not made in a judicial proceeding or court of justice. The authorities relied upon by defendant in error are almost entirely concerned with perjury at common law. 2 Whart. Crim. Law, §§ 1244, 1267; Bishop on Crim. Law, §§ 1014, 1026, 1027; Hood v. State, 44 Ala. 81; Pegram v. Styron, 1 Bailey (S. C.) 595. A single authority only deals with perjury under the statute of the United States. U. S. v. Bailey, 9 Pet. 238, 9 L. Ed. 113. In that case Bailey was indicted for perjury and false swearing under section 3 of the act of March 1, 1823 (3 Stat. 771, c. 37), and section 13 of the act of March 3, 1825 (4 Stat. 118, c. 65). The first of these sections provided:

"That if any person shall swear or affirm falsely, touching the expenditure of public money, or in support of any claim against the United States, he or she shall, upon conviction thereof, suffer as for wilful and corrupt perjury."

The other section provided:

"That if any person in any case, matter, hearing or other proceeding, where an oath or affirmation shall be required to be taken or administered, under or by any law of the United States, shall, upon the taking of such oath or

affirmation, knowingly and willingly swear or affirm falsely, every person so offending shall be deemed guilty of perjury, and shall, on conviction thereof, be punished," etc.

Of these acts the court said that they did not create or punish the crime of perjury, technically considered, but created a new and substantive offense of false swearing, and punished it in the same manner as perjury. "The oath, therefore, need not be administered in a judicial proceeding  *  *  *  so as to make the false swearing perjury." . When this Bailey Case was under consideration, the federal statutory definition of perjury was substantially that of the common law. It was found in section 18 of the act of April 3, 1790 (1 Stat. 116, c. 9) and read as follows:

"And be it (further) enacted, that if any person shall wilfully and corruptly commit perjury, or shall by any means procure any person to commit corrupt and wilful perjury, on his or her oath or affirmation in any suit, controversy, matter or cause depending in any of the courts of the United States, or in any deposition taken pursuant to the laws of the United States, every person so offending, and being thereof convicted, shall be imprisoned not exceeding three years and fined not exceeding eight hundred dollars; and shall stand in the pillory for one hour, and be thereafter rendered incapable of giving testimony in any of the courts of the United States, until such time as the judgment so given against the said offender shall be reversed."

It will be seen that section 5392, Rev. St. U. S., contains the provisions both of the act of 1790 and of the act of 1825, and exactly covers false oaths such as the defendant made. The bankruptcy act, therefore, in this particular did not create a new offense, but merely prescribed a different penalty for one already defined.

It is suggested that we are not to conclude that Congress could have intended to reduce the punishment of persons who made false oaths in bankruptcy proceedings below that prescribed for others who made such oaths elsewhere, since all false oaths are morally wrong. The relative adjustment of punishments is, however, one wholly for the regulation of Congress, and this is not the first instance in which that body has introduced similar discriminations into the statutory penal law. The making of a false oath in applying for a pension would be within the provisions of section 5392, but it is specially provided in section 4746 [U. S. Comp. St. 1901, p. 3279] that for that offense the punishment shall be imprisonment not more than three years or a fine not to exceed $500, or both. So, too, the making of a false affidavit on making an entry of imported merchandise would be perjury under section 5392, but by section 9 of the customs administrative act of 1890 (Act June 10, 1890, c. 407, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895]), the maximum penalty for such offense is two years' imprisonment or a fine of $5,000, or both. In like manner section 5395, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3654], provides that where an oath or affidavit is made or taken under or by virtue of any law in relation to the naturalization of aliens, or in any proceeding under such laws, any person taking such oath or affidavit who knowingly swears falsely shall be punished by imprisonment of not more than five years or less than one year, and by a fine of not more than $1,000. While we agree with plaintiff in error that the offense which Wechsler committed was within

the special provisions of section 29 of the bankruptcy act, under which he was to be tried, and, if convicted, punished, it by no means follows that the judge erred in not dismissing the indictment. As was stated before, the indorsement on the margin shows that the United States District Attorney proceeded under section 5392, and the trial judge evidently assumed that the indictments were founded on that section. But, as was said by the Supreme Court in Williams v. U. S., 168 U. S. 389, 18 Sup. Ct. 94, 42 L. Ed. 509:

"It is wholly immaterial what statute was in the mind of the district attorney when he drew the indictment, if the charges made are embraced by some statute in force. The indorsement on the margin of the indictment constitutes no part of the indictment, and does not add to or weaken the legal force of its averments. We must look to the indictment itself, and, if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute."

The indictment charges that, upon examination before a special commissioner in bankruptcy, it became and was a material matter and inquiry to ascertain and discover what property and assets the alleged bankrupt had and what disposition or transfer had been made of property; that Wechsler having been sworn before the special commissioner, and having under his oath testified [on certain named days] and signed his testimony, "did [on certain named days] falsely, corruptly, knowingly, willfully, and contrary to such oath, swear and depose before the said special commissioner." Then follows a statement of what he said, and the averment that it was not true, and that at the time of so swearing Wechsler did not believe it to be true. Manifestly this sufficiently charged Wechsler with having knowingly and fraudulently made a false oath in a proceeding in bankruptcy, unless it be held that false swearing "corruptly, knowingly, willfully, and contrary to his oath" is not false swearing "knowingly and fraudulently." We are not prepared so to hold, being satisfied that a man who "corruptly and willfully" makes a false oath may properly be said to do so "fraudulently." The defendant was tried under the assumption that the indictment was founded on section 5392, and, upon conviction, was sentenced under that section. But under the authority of Williams v. U. S., supra, it must be held that such error does not involve an entire failure of the prosecution. In that case indictment was drawn, and conviction had under section 3169, Rev. St. U. S. [U. S. Comp. St. 1901, p. 2059], which imposed a fine of not less than $1,000 n r more than $5,000, and imprisonment for not less than six months nor more than three years. The court sentenced defendant to pay a fine of $5,000 and be imprisoned three years. The court held that section 3169 did not apply, but that section 5481 [U. S. Comp. St. 1901, p. 3701] did, and that the indictment fairly charged an offense thereunder. This latter section provided for punishment by fine of not more than $500 or imprisonment not more than one year. The Supreme Court held that, if this were the only error complained of, it would only be necessary for the court below to enter a new judgment, imposing such fine or imprisonment or both as the statute permitted.

In conformity to this authority, the judgment is reversed, and the cause remanded to the Circuit Court, with instructions to enter a new judgment imposing such imprisonment as section 29 of the bankruptcy act permits.