UNITED STATES v. BROD.

(Circuit Court, N. D. Georgia. January 27, 1910.)

1. BANKRUPTCY (§ 242*)—PROSECUTION OF BANKRUPT FOR PERJURY—TESTIMONY GIVEN ON EXAMINATION.

The immunity given by Bankr. Act July 1, 1898, c. 541, § 7a (9), 30 Stat. 548 (U. S. Comp. St. 1901, p. 3425), which provides that no testimony given by a bankrupt on his examination concerning the conduct of his business, etc., "shall be offered in evidence against him in any criminal proceeding" extends only to criminal proceedings based on matters relating to which he testified, and does not protect him from the use of his testimony in support of a charge of perjury committed in the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 242.*]

2. BANKRUPTCY (§ 242*) — PROSECUTION OF BANKRUPT FOR PERJURY — PLEADINGS.

Rev. St. § 860 (U. S. Comp. St. 1901, p. 661), providing that "no pleading of a party * * * shall be given in evidence or in any manner used against him * * * in any criminal proceeding; provided that this immunity shall not exempt any party or witness from prosecution for perjury committed in * * * testifying," does not render it unlawful to use the pleadings in a bankruptcy proceeding, such as the petition, schedules, etc., before a grand jury in an investigation of the charge that he committed perjury in his testimony before a special master on an application for his discharge, for the purpose of showing the pendency of the proceeding, and that the matter in which he testified was properly before the master.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 242.*]

.Prosecution by the United States against A. E. Brod.    On plea in abatement and motion to quash indictment.    Overruled.

F. C. Tate, U. S. Atty., and Jno. W. Henley, Asst. U. S. Atty.

Dodd & Dodd and Reuben R. Arnold, for defendant.

NEWMAN, District Judge. The defendant in this case was indicted by the grand jury at the March term, 1909. The indictment charges that the defendant Brod "did on the 27th day of November, in the year 1908, in the said district and within the jurisdiction of said court, then and there unlawfully, willfully, knowingly and fraudulently, while a bankrupt, make a false oath in and in relation to a proceeding in bankruptcy." The false oath charged is that Brod made application for discharge, and, objections being filed thereto, the issue made by the application for discharge and the objections was referred to a special master, and that Brod, while testifying on oath before the master in the investigation of said matter, did falsely testify to the following, to wit:

"I did not, in the months of November and December, 1907, send by Lindsey Maxey four trunks full of my goods, tied up with ropes bought from A. W. Stubbs, to be shipped over the Central of Georgia Railway. I did not send to the Atlanta & West Point Railroad by Lindsey Maxey two trunks full of my goods. I did not have Elbert Walker carry from the rear door of my place to the Central depot four trunks loaded with my goods, during the month of January, 1908. I did not conceal any goods at all from my trustee in bankruptcy. After I went into bankruptcy, I did not have in my possession or control any merchandise, shoes, boots, hats, coats, cloaks, ribbons, or goods which I concealed from my trustee in bankruptcy. I turned over everything I had— all my goods and possessions—to the trustee, except what was set aside as a homestead. I never hauled any trunks from the store at all, that I didn't sell to parties. I don't know anything about goods going out unless I was not there, and somebody stole it. I don't know anything about it."

Then follows the charge in the indictment falsifying, according to the usual practice, the statements so made by Brod.

The plea in abatement and motion to quash is as follows, signed by counsel and sworn to by A. E. Brod:

"And now comes the defendant, A. E. Brod, and before arraignment and plea in said case, files this his plea in abatement and motion to quash the indictment, and for ground thereof says: First. The said indictment was found upon alleged testimony given by this defendant in relation to a proceeding in bankruptcy on the 27th day of November, 1908, and the same was in violation of section 7, subsection 9, of the Bankruptcy Act of 1898, which provides as follows: 'The bankrupt shall, when present at the first meeting of his creditors and at such other times as the court shall order, submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind and whereabouts of his property, and in addition, all matters which may affect the administration and settlement of his estate; but no testimony given by him shall be offered in evidence against him in any criminal proceeding.' This defendant shows that, had not the government offered the testimony given by this defendant in the above proceeding against him before the grand jury, no indictment would or could have been found; and the indictment being based upon this illegal evidence, is itself illegal; and this defendant says that the same should be quashed. Second. That the testimony used before the grand jury upon which said indictment was found, contains a verbatim report of the testimony of the bankrupt given in his bankruptcy proceeding on a former occasion some six months previously, to wit, on March 20, 1908. That this use of

the testimony before the grand jury was in contravention of law, and expressly prohibited by section 7, subsection 9, of the Bankruptcy Act, and by section 860, Revised Statutes; and therefore said indictment should be quashed. Third. That said indictment was found by using before the grand jury, as evidence, the petition in bankruptcy filed by said defendant, the schedule thereto attached, and the oaths of the defendant made to such petition in bankruptcy and schedules; also, the application for discharge. That the oaths made to such petition and schedules are required and demanded by the terms of the bankrupt law (section 7, subsection 8, of the Act of Congress of 1898, relating to bankruptcy). And by the terms of section 7, subsection 9, of said act, the bankrupt is guaranteed immunity from the use in evidence of such testimony or oaths in any criminal proceeding. That the use in evidence before the grand jury of such petition and schedules was contrary to law, and expressly prohibited by said section of the bankruptcy act. That it appears in the face of said indictment that there was used in evidence before the grand jury the pleadings obtained from this defendant in a judicial proceeding, to wit, the petition in bankruptcy and the schedules thereto attached and the bankrupt's application for a discharge. That the use of such pleadings is unauthorized, illegal, and prohibited by law. That the bankrupt is protected from the use in evidence of any and all such pleadings, under section 860 of the Revised Statutes, which reads as follows: 'No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture: Provided, that this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid.' Wherefore defendant prays that this his plea and motion be sustained, and that said indictment be dismissed."

The plea in abatement was traversed by the United States, and thereupon the United States Attorney and counsel for defendant entered into the following stipulation and agreement as to the facts to be considered in passing upon the plea in abatement and motion to quash:

"It is stipulated and agreed by and between counsel for the defendant, A. E. Brod, and counsel for the United States that the issues and questions raised by the plea in abatement and motion to quash and the traverse thereto in this case be submitted to the court for determination without the intervention of a jury upon the indictment and the following agreed statement of facts, to wit: It is agreed that in addition to the parol evidence submitted to and considered by the grand jury in this case, the following documentary evidence was also introduced and used before that body, to wit: '(1) The voluntary petition and schedules of personal property, B (2) and B (3) of A. E. Brod, the bankrupt, attached to the petition, together with the verification and entry of filing thereof. (2) The order of adjudication of bankruptcy of A. E. Brod on his voluntary petition together with the entries of filing thereof. (3) The petition of A. E. Brod, the bankrupt, for discharge and the entry of filing thereof. (4) The original and amended objections of J. K. Orr Shoe Company et al. to the discharge of A. E. Brod, the bankrupt, together with the entry of filing thereof. (5) The order of court referring to R. O. Jones, a referee in bankruptcy, as special master, the issue made by the objections to the discharge of the bankrupt, A. E. Brod.' "

The first question, it will be apparent, is whether or not the testimony of the bankrupt, given before the special master, could be used in evidence against him. Section 7, par. 9, of the Bankruptcy Act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]), provides that the bankrupt shall, "when present at the first meeting of his creditors and at such other times as the court shall order, submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons,

the amount, kind, and whereabouts of his pro: .ty, and, in addition, all matters which may affect the administration and settlement of his estate; but no testimony given by him shall· be offered in evidence against him in any criminal proceeding."

The contention here is that the putting in evidence before the grand jury of what he testified to before the special master was violative of this last provision of the bankruptcy act; that is, giving in evidence before the grand jury what he stated before the special master, as set out in the bill of indictment. Section 29 of the bankruptcy act provides: .

"A person shall be punishable by imprisonment for a period of not exceeding two years, upon conviction of the offense of having knowingly and fraudulently * * * (2) made a false oath or account in relation to any proceeding in bankruptcy."

While the act provides, therefore, for the punishment of a bankrupt who has made a false oath in relation to any proceeding in bankruptcy, at the same time it provides that no testimony given by him shall be offered in evidence against him in any criminal proceeding. The question thus made has been before the courts. The first case important to notice is Edelstein v. United States, 149 Fed. 636, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236. This decision was by the Circuit Court of Appeals for the Eighth Circuit. The majority of the court, Circuit Judges Van Devanter and Adams, decided the testimony was admissible; Judge Philips dissenting. The fourth, fifth, and sixth headnotes of the opinion give, I think, substantially what was decided in the case by a majority of the court. They are as follows:

"4. Bankruptcy—Defenses—'False Oath'—Statutes—Construction.

"Bankr. Act July 1, 1898, c. 541, § 29, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), provides that a person shall be punished by imprisonment on conviction of having knowingly and fraudulently made a false oath or account in or in relation to any proceeding in bankruptcy, and Act July 1, 1898, c. 541, § 2, subd. 12, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3421), imposes the duty to discharge or refuse to discharge bankrupts on courts of bankruptcy as one of the 'bankruptcy proceedings.' Act July 1, 1898, c. 541, § 30, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3434), authorizes the Supreme Court of the United States to prescribe all necessary rules, forms, and orders for carrying the act into effect, pursuant to which General Order No. 12 [89 Fed. vii, 32 C. C. A. xvi] was adopted, declaring that applications for a discharge shall be heard and decided by the judge, with authority to refer the application or any specified issue to a referee to ascertain and report the facts. Held, that the term 'false oath' was not limited to the examination of the bankrupt, authorized by Act July 1, 1898, c. 541, § 7, subd. 9, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3425), nor to false swearing in connection with the bankrupt's schedules, but related to any proceeding in bankruptcy, including the examination of the bankrupt before a referee on an investigation of specifications filed against his discharge.

"5. Witnesses—Bankruptcy Proceedings—Immunity—Extent of.

"Bankr. Act July 1, 1898, c. 541, § 7, subd. 9, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3425), provides for the examination of a bankrupt at the instance of his creditors, and declares that no testimony given by him shall be offered in evidence against him in any criminal proceeding. Held, that the examination contemplated by such section relates to past transactions; that the words 'in any criminal proceeding' are limited to proceedings arising out of the conduct of the bankrupt's business, the disposition of his property, etc.; that the immunity provided for is limited to protecting the bankrupt from the use of his evidence in such criminal proceedings as arise out of the conduct of his business or the disposition of his property, etc., and does not protect him from prosecution for false swearing in giving his evidence.

"6. Same.

"Section 7, subd. 9, supra, does not grant immunity to the bankrupt from prosecution for testifying falsely in a proceeding to investigate the truth of specifications filed against his discharge."

The judgment of conviction in the court below against Edelstein was affirmed. There was an application for certiorari in the case and the same was denied by the Supreme Court (205 U. S. 543, 27 Sup. Ct. 791, 51 L. Ed. 922). The same question came subsequently before the Circuit Court of Appeals for the Second Circuit, in Wechsler v. United States, 158 Fed. 579, 86 C. C. A. 37. So much of the opinion, by Circuit Judge Lacombe, in that case as would be material here is as follows:

"The bankruptcy act of July 1, 1898 (30 Stat. 548, c. 541, § 7 [U. S. Comp. St. 1901, p. 3424]), requires the bankrupt to submit to an examination under oath as to various matters specified therein, with the proviso that 'no testimony given by him shall be offered in evidence against him in any criminal proceeding.' It is contended that the immunity thus accorded in broad, unqualified language should apply to prosecution for falsely testifying upon such examination: and it is suggested that the section quoted from does not contain the qualification found in section 860, Rev. St. U. S. (U. S. Comp. St. 1901, p. 661) (and in other federal statutes), that the immunity provision 'shall not exempt any * * * witness from prosecution and punishment for perjury committed in * * * testifying as aforesaid.' Plaintiff in error cites in support of his contention the opinion of Judge Hanford in U. S. v. Simon (D. C.) 146 Fed. 89, and the dissenting opinion of Judge Philips in Edelstein v. U. S., 149 Fed. 636, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236, which are directly in point and fully sustain his contention. He also cites dicta in Re Marx (D. C.) 102 Fed. 676, and in Re Logan (D. C.) 102 Fed. 876, in Re Leslie (D. C.) 119 Fed. 406, in Re Dow's Estate (D. C.) 105 Fed. 889, and in Re Gaylord, 112 Fed. 668, 50 C. C. A. 415. On the other hand, the provision quoted was held not to give immunity from prosecution for giving false testimony upon an examination under the bankrupt act in a well-considered opinion concurred in by a majority of the court in Edelstein v. U. S., 149 Fed. 636, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236 (C. C. A., Eighth Circuit); and an application for certiorari in that cause was refused by the Supreme Court (205 U. S. 543, 27 Sup. Ct. 791, 51 L. Ed. 922). Whatever might be our conclusions were the question presented as a novel one, we are clearly of the opinion that we should follow the construction adopted in the Eighth Circuit and left undisturbed by the Supreme Court, so that in a matter of so much importance the decisions of the federal courts in the different circuits may be uniform."

These two decisions of the Circuit Court of Appeals, in the first of which an application for certiorari was denied by the Supreme Court, must be taken as conclusive of the case made here and controlling against the defendant.

The next question made is the use in evidence before the grand jury of the pleadings in the bankruptcy proceedings as set out in the stipulation given above. The immunity claimed against the use of the petition, schedules, etc., in the bankruptcy proceeding is under section 860 of the Revised Statutes, set out in the plea in abatement above. The pleadings (and they have been determined to be such—Johnson v. U. S., 163 Fed. 30, 89 C. C. A. 508) did not and could not contain anything to sustain the special charge made against Brod in the indictment. The charge was that he swore falsely before the special master in reference to his property and the disposition of his property just before the bankruptcy proceeding was begun. The only purpose of

offering the bankruptcy proceedings, petition, and schedules, application for discharge, objections to the same and order of the court, must have been to show that there was a bankruptcy proceeding and that the matter in which the false testimony was alleged to have been given was properly before the special master at the time Brod testified.   In Johnson v. U. S., supra, which is relied upon by the defendant here, the plaintiff in error was indicted for concealing from the trustee of his estate in bankruptcy, property belonging to the estate.   It is manifest from an examination of the opinion of Mr. Justice Holmes, who presided and delivered the opinion in the Circuit Court of Appeals in that case, that the main reason why the schedules of the bankrupt were deemed improper evidence there was that they themselves contained evidence against the defendant; that is, they showed certain property, which it was claimed the bankrupt had withheld and concealed from the trustee, was not embraced in his schedules, and tended thereby to convict him of the specific offense with which he was charged.   This would make the schedules distinct and positive evidence against him as to the very matter on which he was being tried.   Here the defendant is indicted for false swearing or perjury in testimony given before the master, on a reference as to his right to a discharge; and the only possible use of the papers put in evidence was to show that such a case was pending and that the issue in it, as to the right to a discharge, was referred, as charged in the indictment.

By section 860 "No pleading of a party * * * shall be given in evidence or in any manner used against him * * * in any court of the United States in any criminal proceeding: Provided that this immunity shall not exempt any party or witness from prosecution for perjury committed in *. * * testifying." The reverse of the proposition is, construing this section, that pleadings may be used against a party when he is indicted for perjury.   In other words, where a party or witness is indicted for perjury, the immunity granted by this section of the statutes is not operative.   Unless this construction be given, it would be rare indeed that any one could be convicted of perjury, however false their testimony might have been.   It is necessary, of course, to show that a case was pending and that an issue was made in the case, which made the testimony material.

The conclusion is that there was nothing improper or illegal in putting these papers in evidence before the grand jury, and there being no merit, as stated, in the contention that the evidence of Brod before the master should not have been put before the grand jury, the result is that the plea in abatement and motion to quash must be overruled and denied.   An order may be entered to that effect.