# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### REYNOLDS v. UNITED STATES. *

#### (Circuit Court of Appeals, Sixth Circuit. April 4, 1922.)

#### No. 3639.

1. **Criminal law ⬡29—Separate and distinct offenses may be created out of the same transaction.**

   It is competent for Congress to create separate and distinct offenses growing out of the same transaction; the test of identity of offenses being whether the same evidence is required to sustain each.

2. **Criminal law ⬡984—Defendant cannot be punished for manufacturing intoxicating liquors and also for having implements and materials for manufacture.**

   Defendant could not be punished under each of two counts, one charging the manufacture and possession of intoxicating liquors, and the other the possession of implements and materials designed for manufacture of such liquor, where the manufacture was the dominant feature of the first count, and though she did not ask that the government be required to elect, she was entitled to be relieved from punishment under the second count, on motions for a new trial and in arrest of judgment asserting double punishment.

3. **Criminal law ⬡1215—Both fine and imprisonment not permissible punishment on first conviction for manufacture of liquor.**

   Under National Prohibition Act, § 29, authorizing punishment by fine or imprisonment on a first conviction for manufacturing liquor, both fine and imprisonment are not permissible.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Mrs. Bessie Reynolds was convicted of offenses, and she brings error. Reversed in part, and affirmed in part, and remanded, with directions.

John E. Bell, of Memphis, Tenn. (Bell, Phillips & Lyons, of Memphis, Tenn., on the brief), for plaintiff in error.

Geo. C. Taylor, U. S. Atty., of Greeneville, Tenn. (Thos. J. Walsh, Asst. U. S. Atty., of Humboldt, Tenn., and W. H. Fisher, Asst. U. S. Atty., of Jackson, Tenn., on the brief), for the United States.

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

280 F.—1          *Reversed on rehearing. See 281 Fed. —-.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Plaintiff in error was convicted upon each of two counts of an indictment under the National Prohibition Act (41 Stat. 305); the first count charging the unlawful manufacture and possession of intoxicating liquors, and the second charging the possession of certain implements and materials designed for the manufacture of intoxicating liquors for unlawful use. The judgment covered conviction under both counts. The charges contained in the respective counts grow out of substantially the same transaction. In each the charge is laid as on or about May 25th.

[1] The testimony principally relied upon for conviction as to each count related to the finding in the basement of the residence of plaintiff in error, on May 25th, of certain manufactured liquors and certain utensils and materials for such manufacture. The sole contention of plaintiff in error made here (although stated in two forms) is that she has been twice punished for a single offense, invoking in support of that contention divers holdings of state courts under what is called the "same transaction" rule. This broad rule, however, does not prevail in the courts of the United States, wherein it is well settled that it is competent for Congress to create separate and distinct offenses growing out of the same transaction; the test of identity of offense being whether the same evidence is required to sustain each.

In Carter v. McClaughry, 183 U. S. 365, 22 Sup. Ct. 181, 46 L. Ed. 236 (habeas corpus to review conviction by court-martial), it was held that a charge of conspiracy to defraud and a charge of causing false and fraudulent claims to be made were separate and distinct offenses, and separately punishable; "one requiring certain evidence, which the other did not." The court said:

"The fact that both charges related to and grew out of one transaction made no difference." 183 U. S. 394, 395, 22 Sup. Ct. 193, 46 L. Ed. 236.

In Burton v. United States, 202 U. S. 344, 380, 381, 26 Sup. Ct. 688, 698 (50 L. Ed. 1057, 6 Ann. Cas. 392), it was held that a plea of former jeopardy is bad "if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact," quoting with approval the statement in Bishop's Criminal Law that "the jeopardy is not the same when the two indictments are so diverse as to preclude the same evidence from sustaining both." It was held that an agreement to receive compensation, whether received or not, for prohibited services, and the receiving of such compensation whether in pursuance of a previous agreement or not, are separate and distinct offenses, and punishable accordingly.

In Gavieres v. United States, 220 U. S. 338, 342, 31 Sup. Ct. 421, 55 L. Ed. 489, it was again held that a single act may be an offense against two statutes, and that, if each requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution under the other. It was accordingly held that one convicted and punished under an ordinance prohibiting drunkenness and rude and boisterous language was not put in second jeopardy by being subsequently tried under an-

other ordinance for insulting a public officer, although the latter charge was based on the same conduct and language as the former, and for the reason that the two offenses were separate and required separate proof to convict.

In Ebeling v. Morgan, 237 U. S. 625, 35 Sup. Ct. 710, 59 L. Ed. 1151, the rule that the same course of conduct and upon the same occasion may amount to separate offenses and be separately punished was applied in holding that successive cuttings of different mail bags with criminal intent, although parts of one continuous transaction, constituted separate offenses, and for the reason that it was the intention of Congress to protect each mail bag from felonious injury and mutilation, and that the offense is complete when one mail bag is so cut or injured, and that, notwithstanding the "transaction of cutting the mail bags was in a sense continuous, the complete statutory offense was committed every time a mail bag was cut in the manner described, and with the intent charged."

On the other hand, in the case of Nielsen, Petitioner, 131 U. S. 176, 9 Sup. Ct. 672, 33 L. Ed. 118, it was held that a conviction (under a federal statute for the suppression of polygamy in Utah) of unlawful cohabitation was a bar to prosecution for adultery with the woman with whom such cohabitation was had, for the reason that the statute, as construed by the Supreme Court, required, in order to conviction of unlawful cohabitation, that the parties should live together as husband and wife, and that such living together implied sexual intercourse, which was the adulterous conduct charged in the second prosecution. As there stated (131 U. S. 188, 9 Sup. Ct. 676, 33 L. Ed. 118):

"Where * * * a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."

[2] In applying these principles to the case before us, we think the first count should be treated as charging the manufacture of intoxicating liquor, and whether or not the words "and possess" should be regarded as surplusage. Manufacture is at least the dominant feature of that count. It was so treated by the court below; it is so treated by the government here. Certainly the charge of manufacturing cannot be rejected as surplusage. The question of double punishment may not improperly be tested by imagining the separate counts as separate indictments, separately tried. It would seem clear that, had plaintiff in error first been tried and convicted upon the charge contained in the second count before us—that is to say, of having in her possession implements and supplies designed for the unlawful manufacture of intoxicating liquors—such conviction would not have been a bar to a subsequent prosecution for the offense of unlawfully manufacturing such liquor, and because the evidence required for conviction upon the charge of possessing implements and materials designed for manufacture would not be sufficient to convict of the charge of actual manufacture. On the other hand, had she been first convicted under an indictment charging the unlawful manufacture of intoxicating liquor, it is difficult to escape the conclusion that such conviction would bar

prosecution under a later indictment for the offense of having in possession implements and materials designed for such manufacture.

The evidence required for conviction of manufacturing would be sufficient to convict of having in possession implements and materials therefor, and for the reason that such manufacture would be impossible without implements and materials for the purpose. We do not understand it necessary to double punishment that each offense contain an element not found in the other. To our minds there is nothing illogical in the fact that the question of double punishment, in the contingencies stated, is made to depend upon the accidental order of prosecution. Indeed, as a practical proposition, a court, in punishing under the later conviction, would naturally take into account the prior punishment for an offense which was but an incident of the subject of the later prosecution.

Where, as here, trial is had simultaneously upon more than one count, the court has ample power, by requiring election or otherwise, to protect a defendant against double conviction. Although in the instant case it does not affirmatively appear that plaintiff in error asked that the government be required to elect between the two counts, we think she was entitled to be relieved from punishment under the second count under her motions for new trial and in arrest of judgment, each of which asserts double punishment.

[3] The court, however, imposed punishment by both fine and imprisonment. The journal entry does not show which of these punishments was imposed upon the conviction under the first count, and counsel sharply disagree on that subject. Under the act (section 29) both fine *and* imprisonment were not permissible upon conviction for a first offense, as this was charged to be. The statute imposes fine or imprisonment. Under the second count fine alone was imposable.

It results, from these views, that the conviction under the second count should be reversed and set aside, the conviction under the first count affirmed, the entire sentence reversed and set aside, and the record remanded to the District Court, with directions to enter appropriate judgment upon the conviction under the first count. Williams v. United States, 168 U. S. 382, 389, 18 Sup. Ct. 92, 42 L. Ed. 509; Wechsler v. United States (C. C. A. 2) 158 Fed. 579, 583, 86 C. C. A. 37; Johnson v. United States (C. C. A. 7) 215 Fed. 679, 687, 131 C. C. A. 613, L. R. A. 1915A, 862; Ulmer v. United States (C. C. A. 6) 219 Fed. 641, 647, 134 C. C. A. 127; Gray v. United States (C. C. A. 6) 276 Fed. 395, 397.