In re COHEN.

(District Court, D. New Jersey. August, 1911.)

BANKRUPTCY (§ 415*)—DISCHARGE—OBJECTIONS—HEARING—DUTY OF REFEREE.

   Where a referee in bankruptcy was directed to take proof and report findings on exceptions to the bankrupt's petition for discharge, it was his duty to exercise an independent judgment on the facts brought before him, and not to follow the judgment of another tribunal on the facts brought before it, though considering the identical question raised by the specifications; and hence a report that he was still convinced that the bankrupt had sworn falsely to material facts, as objected in the specifications, but that, in view of the fact that a jury on indictment had found him not guilty of such offense, the referee recommended the bankrupt's discharge, was erroneous.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 415.*]

In the matter of bankruptcy proceedings against Harry Cohen. On exceptions to the report of a referee recommending the bankrupt's discharge. Sustained.

Harry V. Osborne, for objecting creditors.
Robert S. Hudspeth, for bankrupt.

---

RELLSTAB, District Judge. The exceptions, inter alia, challenge the following finding of the referee:

"I would respectfully report that, in my opinion, the bankrupt is entitled to his discharge, although I am satisfied that in his testimony taken before me he willfully swore falsely to material facts, as appears by his testimony taken before the court on the trial of the indictment; but, as he was acquitted upon such trial, it must be assumed that he was not guilty of a false swearing before me."

In a previous report, dated November 7, 1910, on the same subject, the referee said:

"That upon return of the order to show cause why a discharge should not be granted I filed a certificate setting out that the said Harry Cohen had not conformed to the requirements of the bankruptcy act [Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418)], and that his discharge should not be granted. I am still of the same opinion, but as an indictment was found by the grand jury of the district court of the state of New Jersey against said bankrupt for certain offenses against the bankruptcy act, which was tried before the court and a jury, and a verdict of 'not guilty' returned by the court and jury, the grounds upon which I based my certificates appear to have been passed upon and settled by the verdict of the jury and the judgment of the court. * * *

"For the reasons which I have stated, although I am still of the opinion that the bankrupt has committed offenses against the bankruptcy act, but which have been settled by the verdict of the jury as I have above stated, I would respectfully recommend that the bankrupt be granted his discharge."

From these excerpts it is apparent that the referee subordinated his own judgment to that of the jury, and, instead of reporting his own findings on the proofs taken before him, adopted those of the jury rendered in another proceeding.

This is legal error. The duty of the referee required him to exercise an independent judgment on the facts brought before him, not to follow the judgment of another tribunal on facts brought before it, although the identical question was tried out before it, and on substantially the same facts. If the referee, after duly considering all the evidence, was convinced that the bankrupt had willfully sworn falsely to material facts, as he certified he was, he should have so found and reported, regardless of a different finding by a jury. The specifications of objection to the bankrupt's discharge were referred to the referee "as special master under the rules of this court to take proofs respecting the same, and to report such proofs to this court, together with his findings thereon." It was his judicial determination, not another's, that was thus sought, and it is that which should be reported. This the referee has not done.

His recommendations, therefore, cannot be concurred in, but must be set aside, and the objections to the bankrupt's discharge and all the proceedings had in reference thereto referred back to the referee, to proceed as required by law and the original order of reference and subsequent orders made in relation thereto.