## In re MAYER et al.

### (District Court, S. D. New York. April 23, 1912.)

**1.** Judgment (§ 707*)—Res Judicata—Discharge of Bankrupt—Issues—Estoppel.

A judgment, in an action in a state court to recover a preferential payment to which the bankrupt was not a party, does not operate as an estoppel or a bar against the bankrupt seeking a discharge.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 707.*]

**2.** Bankruptcy (§ 413*)—Discharge—Objections—Sufficiency.

A specification that a bankrupt has committed an offense punishable by imprisonment under the Bankruptcy Law, in that he did knowingly make false oaths in relation to proceedings in bankruptcy, interposed false answers to the petition for his adjudication as a bankrupt, made false oaths as a witness in the proceeding resulting in his adjudication in bankruptcy, and that on his examination to ascertain what property belonged to the bankrupt estate he made false answers under oath, does not set forth the offense defined in Bankruptcy Act July 1, 1898, c. 541, § 29, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), since it fails to state, either in the words of the statute or in equivalent words, that the bankrupt intentionally and fraudulently made a false oath in any proceeding in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–728; Dec. Dig. § 413.*]

**3.** Bankruptcy (§ 415*)—Discharge—Objections—Hearing.

A special master directed to take proof and make a report on exceptions to a bankrupt's petition for discharge must exercise an independent judgment on the facts brought before him, and should not follow the judgment of another tribunal on facts brought before it, though the identical question may have been tried out before such tribunal on substantially the same facts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–709, 719, 723–728; Dec. Dig. § 415.*]

**4.** Bankruptcy (§ 415*)—Discharge—Objections—Finding of Special Master—"False Oath."

A finding of a special master, directed to take proof and make report on exceptions to a bankrupt's petition for discharge, that in verifying the answer and in giving his testimony the bankrupt made a false oath either in one or the other, is not a finding that the bankrupt made a "false oath" within Bankruptcy Act July 1, 1898, c. 541, § 29, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), and it does not justify a refusal to discharge him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–709, 719, 723–728; Dec. Dig. § 415.*]

In the matter of Herman Mayer and Jack Mayer, individually and composing the firm of Herman Mayer & Co., bankrupts. On motion to confirm report of special master, recommending the denial of a discharge of Herman Mayer. Denied, and discharge held under advisement.

Joseph Rosenzweig, for objecting creditor.
Myers & Goldsmith, for bankrupt.

MAYER, District Judge. This is an application to confirm the report of the special master, recommending the denial of a discharge

---

to the bankrupt, Herman Mayer. The objecting creditor, Harris, filed specifications of objections containing five grounds, one of which (the fifth) was sustained. That specification is as follows:

"Fifth. That said bankrupts have committed an offense punishable by imprisonment as provided in the existing bankruptcy law, * * * in that they, the said bankrupts, did knowingly make false oaths in relation to proceedings in bankruptcy herein, to wit, that they interposed false answers to the petition for their adjudication as bankrupts herein, in that they made false oaths on the witness stand in the proceeding resulting in their adjudication in bankruptcy herein, and in that in being examined in proceedings in bankruptcy herein for the purpose of ascertaining what property properly belonging to the bankrupt estate, they the said bankrupts, did make false answers under oath."

To support this specification there were received in evidence the petition in bankruptcy, the answer, the adjudication, certain testimony taken under section 21a, the schedules, the testimony on a trial before Hon. George C. Holt and a jury, the records of the trial of Hooker as trustee against Millie Toch and another, the judgment of affirmance in the Hooker Case, certain promissory notes and checks, and the books and check vouchers of the bankrupt firm of which Herman Mayer was a member.

No oral testimony was offered, and, after the reception of the documentary evidence above mentioned, the objecting creditor rested.

[1] Hooker, trustee, against Toch, was an action in the Supreme Court of the state of New York to recover a preferential payment. The bankrupt was not a party, and that judgment was not an estoppel or bar against the bankrupt. The fundamental question of fact at issue in the case before Judge Holt was whether Harris was a partner in or a creditor of the bankrupt firm.

The special master reported that the finding of the jury that Harris was a creditor, and not a partner, did not in his judgment "disprove every statement made by Herman Mayer with respect to the matter in question, as it was impossible to know what weight was given by the jury to any particular items of the proof"; but the special master added that in his opinion the finding of the jury and adjudication disproved every statement of fact made by Herman Mayer which was "inconsistent with and contradictory of such finding and adjudication."

[2] The fifth specification does not set forth the offense defined in section 29 of the Bankruptcy Act, for it fails to state, either in the words of the statute or in equivalent phraseology (Wechsler v. United States, 158 Fed. 583, 86 C. C. A. 37), that the bankrupts knowingly "and fraudulently" made a false oath in or in relation to any proceeding in bankruptcy, nor does the special master so find.

[3] In any event, however, the finding of the jury and the adjudication thereon not only do not bind the special master, but should be disregarded, as it is the duty of the special master to exercise an independent judgment on the facts brought before him and not to follow the judgment of another tribunal on facts brought before it, although the identical question may have been tried out before such other tribunal and on substantially the same facts. In re Cohen (D. C.) 192 Fed. 751, 26 Am. Bankr. Rep. 544.

[4] The special master, however, further reported that, "irrespective of such finding of the jury and adjudication," it was clear, in his opinion, that in (1) verifying the answer and in (2) giving his testimony the bankrupt made a false oath "either in one or the other." It is possible that the special master had in mind the New York statute (Penal Code, § 101a; now Penal Law [Consol. Laws 1909, c. 40] § 1627) in effect since September 1, 1906, which provides in substance that the falsity of testimony is presumptively established by contradictory statements under oath. In the case at bar, however, it must be shown wherein the bankrupt made a false oath, and that crucial fact cannot be disposed of speculatively by the assertion that he swore falsely on one occasion or another.

Other errors might be referred to, but these are sufficient to prevent the confirmation of the special master's report.

It is urged on behalf of the bankrupt that it is the practice in this district for the court not to send back for further inquiry a matter of this kind. I do not so understand the practice, for in a proper case further inquiry may be necessary in order to inform the court of all the facts material to the issues.

The charge of false swearing is too grave to be dismissed merely because of errors in a special master's report; but as this bankruptcy has been in the courts for nearly eight years and has involved heavy expense, I have made an independent examination of the record, and therefore shall not send the matter back for further inquiry.

I am frank to say that the examination thus made falls short of satisfying me that the bankrupt has committed the offense defined in section 29 of the Bankruptcy Act; but, in order that the question may be fully presented, I will hear counsel on April 10, 1912, at 2:15 p. m.

Motion to confirm denied, and discharge held under advisement.