**UNITED STATES v. 2,000 CASES OF WHISKY, 25 BARRELS OF WHISKY, AND 253 BARRELS OF WINE (GIOVANNI AQUINO, Inc., Claimant).**

(Circuit Court of Appeals, Second Circuit. Decided October 20, 1921. Opinion Filed November 16, 1921.)

No. 153.

**1. Internal revenue ☞11—Prohibition Act does not tax liquors intended for beverage purposes.**

National Prohibition Act, tit. 2, § 35, providing that the regulations therein provided for the manufacture or traffic in intoxicating liquors shall be construed as in addition to existing laws, and that it shall not relieve any one from paying any taxes or charges imposed on the manu-

facture or traffic in "such liquor," refers to intoxicating liquor for nonbeverage purposes, as to which regulations are provided for its manufacture and sale, and the act is not intended as a taxing measure in respect of intoxicating liquors for beverage purposes, in view of title 2, §§ 3, 25, 29.

**2. Internal revenue ☞2—Statute providing for seizure and forfeiture held repealed.**

Rev. St. § 3453 (Comp. St. § 6355), providing for the seizure and forfeiture of goods, merchandise, etc., found in any person's possession or control for the purpose of being sold or removed in fraud of the internal revenue laws, or with design to avoid payment of taxes, is repealed as applied to intoxicating liquors for beverage purposes by the National Prohibition Act, which in title 2, §§ 25, 29, provides its own machinery for preventing the manufacture and sale of such liquors.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the United States against 2,000 cases of whisky, 25 barrels of whisky and 253 barrels of wine claimed by Giovanni Aquino, Inc. From a decree dismissing the libel, and ordering the United States marshal to return the goods libeled to claimant, the United States appeals. Affirmed.

William Hayward, U. S. Atty., of New York City (John Holley Clark, Jr., Asst. U. S. Atty., of New York City, of counsel), for the United States.

George L. Donnellan, of New York City, for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge. The libel was filed under section 3453 of the Revised Statutes of the United States (Comp. St. § 6355). It alleged that the whisky and wine seized from appellee on March 2, 1921, were property on which taxes are imposed under the revenue laws of the United States, and that the goods on the date of seizures "were found in the possession and within the control of" the appellee "for the purpose of being sold by it in fraud of the internal revenue laws, and with design to avoid payment of said taxes, in that said personal property consisted of whisky and wine upon which taxes had been paid for nonbeverage purposes only, and which were held" by appellee on the date of the seizure "for the purpose of selling the same for beverage purposes and with the design that the United States be thereby defrauded of the tax due upon the said whisky and wine when sold for beverage purposes."

Section 3453, under which this libel was filed, reads as follows:

"All goods, wares, merchandise, articles, or objects on which taxes are imposed, which shall be found in the possession, or custody, or within the control of any person, for the purpose of being sold or removed by him in fraud of the internal revenue laws, or with design to avoid payment of said taxes, may be seized by the collector or deputy collector of the proper district, or by such other collector or deputy collector as may be specially authorized by the Commissioner of Internal Revenue for that purpose, and shall be forfeited to the United States. And all raw materials found in the possession of any person intending to manufacture the same into articles of a kind subject to tax for the purpose of fraudulently selling such manufactured articles, or

with design to evade the payment of said tax; and all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or inclosure where such articles or raw materials are found, may also be seized by any collector or deputy collector, as aforesaid, and shall be forfeited as aforesaid. The proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem in the Circuit Court or District Court of the United States for the district where such seizure is made."

The act of February 24, 1919 (40 Stat. 1105, c. 18, §§ 600–627), was passed subsequent to the War Prohibition Act (Comp. St. Ann. Supp. 1919, §§ 3115$^{11}$/$_{12}$f–3115$^{11}$/$_{12}$h), but prior to the National Prohibition Act (41 Stat. 305), at a time when the sale of intoxicating liquor for beverage purposes was still lawful. In so far as it levied or imposed taxes, it was concerned solely with revenue purposes. In other words, manufacture and sale for beverage purposes was then lawful, but, as a condition thereof, such manufacture or sale paid money tribute for the benefit of the revenues of the United States. Failure to comply with the tax requirements could be redressed in the manner set forth in section 3453, supra.

The Eighteenth Amendment and the National Prohibition Act, however, completely changed the policy of the United States. As said in United States v. Boze Yuginovich et al., 256 U. S. ——, 41 Sup. Ct. 551, 65 L. Ed. ——, decided June 1, 1921, when referring to various revenue statutes:

"These statutes have long been part of the federal internal revenue legislation, and were passed under the authority of the taxing power conferred upon Congress by the Constitution of the United States. At the time of their enactment it was legal, so far as the federal government was concerned, to manufacture and sell ardent spirits for beverage purposes. The government derived large revenues from taxing the business, which is sought to realize and protect by the system of laws of which the sections in question were a part. This policy was radically changed by the adoption of the Eighteenth Amendment to the federal Constitution, and the enactment of legislation to make the amendment effective. The Eighteenth Amendment in comprehensive and clear language prohibits the manufacture or sale of intoxicating liquors in the United States for beverage purposes, and confers upon Congress the power to enforce the amendment by appropriate legislation. To this end, Congress passed a national prohibition law, known as the Volstead Act. 41 Stat. 305. It is a comprehensive statute, intended to prevent the manufacture and sale of intoxicating liquors for beverage purposes."

The repeal provisions of the National Prohibition Act are found in title 2, § 35, thereof as follows:

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This act shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve anyone from criminal liability, nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws.

The commissioner, with the approval of the Secretary of the Treasury, may compromise any civil cause arising under this title before bringing action in court; and with the approval of the Attorney General he may compromise any such cause after action thereon has been commenced."

[1] It will be noted that the taxes not relieved under section 35 refer to "such" liquor, and "such" liquor refers to intoxicating liquor in regard to which there are "regulations herein provided" for the manufacture and sale thereof; i. e., regulations in respect of intoxicating liquor for nonbeverage purposes, as provided in title 2, section 3 et seq., of the act. The Congress, if it had so desired, could have taxed prohibited liquor and the Supreme Court has so stated in the Yuginovich Case as follows:

"That Congress may under the broad authority of the taxing power tax intoxicating liquors notwithstanding their production is prohibited and punished we have no question."

The question here, therefore, is not one of the power but of legislative intent. That legislative intent is manifested throughout the act in provisions which, carrying out the policy of the Eighteenth Amendment, completely prohibit manufacture and traffic in intoxicating liquors for beverage purposes, and provide, not merely for forfeiture, but for destruction, of the liquor. Title 2, §§ 3 and 25. Thus, under section 25, it is provided:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used. the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order. No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating* liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house. The term 'private dwelling' shall be construed to include the room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel, or boarding house. The property seized on any such warrant shall not be taken from the officer seizing the same on any writ of replevin or other like process."

While repeals by implication are not favored:

"It is equally well settled that a later statute repeals former ones, when clearly inconsistent with the earlier enactments."

[2] We are satisfied that the National Prohibition Act was not intended as a taxing measure in respect of intoxicating liquors for beverage purposes; but "being a comprehensive statute intended to prevent the manufacture and sale of intoxicating liquors for beverage purposes," it has erected its own machinery (as illustrated in section 25, supra, and title 2, § 29) to accomplish the desired result.

We are therefore of opinion that section 3453 has been repealed, and hence that the decree below should be affirmed.