## LEWIS v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 14, 1922.)

No. 3589.

Internal revenue ⊂—2—Statute as to forfeiture of conveyance used to avoid tax repealed by Prohibition Act as to transportation of liquors.

Rev. St. § 3450 (Comp. St. § 6352), providing for the forfeiture of any conveyance used in removing or concealing any goods in respect whereof any tax shall be imposed, with intent to defraud the United States, is impliedly repealed, so far as vehicles used in transporting or concealing intoxicating liquor manufactured and intended for beverage purposes are concerned, by National Prohibition Act, § 26, providing for the condemnation of vehicles so used, and section 35 repealing inconsistent acts.

In Error to the District Court for the Eastern District of Tennessee; E. T. Sanford, Judge.

Proceeding by the United States to condemn one Buick automobile, claimed by D. A. Lewis. Judgment of condemnation, and claimant brings error. Reversed, and libel dismissed.

S. G. Heiskell, of Knoxville, Tenn., for plaintiff in error.

Geo. C. Taylor, U. S. Atty., of Greeneville, Tenn. (Fred H. Parvin, Asst. U. S. Atty., of Rogersville, Tenn., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. The United States filed a libel against one Buick automobile, and alleged that it was entitled to condemnation because the automobile had been seized by the deputy collector of internal revenue while it was being used for concealing or removing whisky upon which the internal revenue tax had not been paid and for the purpose of defrauding the United States of such tax; such removal and concealing being a violation of R. S. § 3450 (Comp. Stat. § 6352). There was a judgment of condemnation, and the claimant brings error.

Without discussing details, we conclude that there was no reversible error upon the trial, save as to one question necessarily involved. It is claimed that the forfeiture of the statute (R. S. § 3450), under which law condemnation is sought to be supported, has been, so far as it is invoked in this particular case, impliedly repealed by the National Prohibition Act (41 Stat. 305), and this question must be decided. The argument in favor of the implied repeal rests upon the principles adopted by the Supreme Court in U. S. v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043, and the controlling consideration is whether there is such inconsistency, between a forfeiture of this automobile, under these circumstances, pursuant to section 3450 and that forfeiture which is provided for under section 26 of the National Prohibition Act, as to indicate that Congress did not intend a forfeiture under either section which the prosecutor might select.

It is not necessary to repeat what is said in the Yuginovich Case. The act now charged against Lewis was the transportation in his au-

tomobile of intoxicating liquor upon which no tax had been paid under the internal revenue law. Concededly this liquor had been manufactured for and was being concealed and transported for beverage purposes. The primary act, the removing and concealing, was the same when involved under one statute as under the other. The punishment provided under section 3450, as it has been construed (Goldsmith v. U. S., 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. 376), was the confiscation of the automobile wholly without regard to the question whether the owner or lienholder was in any degree at fault; the punishment provided by the National Prohibition Act (section 26) was a forfeiture of the machine to the extent only of the interests of those persons who were connected with the offense in some degree of responsibility, guilt or negligence. Here, then, is, in its superficial aspect, a plain case of a later statute which provides another or lesser punishment for the same offense reached by the earlier statute and which therefore impliedly repeals the earlier statute, as far as necessary to prevent this inconsistency. It remains to consider those aspects of the matter which are alleged to take the case out of this general principle.

Obviously the repeal is not complete. Section 3450 extends to all internal revenue laws and would reach a great variety of condemnations which cannot be brought about under section 26. This is not a controlling consideration. Since the repeal is only by implication there is no necessity that it should be complete. It will be effective to the extent of the inconsistency, and the remainder of the earlier statute will remain in full force. Section 35 expressly so declares. Wood v. U. S., 16 Pet. 342, 363; 25 R. C. L. 916, note 15. For this reason a holding that this libel cannot be maintained will not impair the efficiency of section 3450 with reference to articles smuggled to avoid import duty or to the various other objects covered by it, including the concealing of nonbeverage liquor.

An apparent differentiation between the statutes is found in the intent with which the act is done. There is no violation of section 3450, unless the transportation is with intent to defraud the revenue law; there is complete violation of section 26 without any such intent. This differentiation cannot be accepted as vital. Confining the application of the two statutes to this particular transaction, and under the principles discussed and affirmed by us in our opinion in Reynolds v. U. S., 280 Fed. 1, filed April 4, 1922, it might be forcefully claimed that since the evidence which would show transportation with intent to defraud the revenue would necessarily and always also show transportation, a trial under the first charge would bar a later trial under the second, and simultaneous prosecution would raise the question of double punishment, and analogy thereto might support the theory of implied repeal. However that might be, the specific claim now presented, viz. that the presence in the one case and the absence in the other of the intent to defraud the revenue, as a necessary element of the offense, prevents an implied repeal, is ruled by the Yuginovich Case. R. S. § 3257 (Comp. Stat. § 5993), was held to be repealed. That section provided punishment for a distiller who attempted to defraud the revenue law. The comparable section of the National Prohibition Act punished

a distiller regardless of his intent, and provided a lesser punishment. We see no possible distinction, in this respect, between the comparison made by the Supreme Court of a statute directed against those distillers who attempted to defraud the revenue law with a later statute against all distillers, and the comparison here to be made of a statute against those who transport with intent to defraud the revenue law and a later statute against all who transport. This distinction, as to the intent to defraud the revenue law, did not preserve section 3257, and it cannot preserve section 3450, in that extent as to which 3450 is subject to the same fatal comparison. Counsel for the United States now say, and with great plausibility:

"The Volstead Act has no forfeiture provision resting upon the offense of attempting to defraud the United States of taxes. The case at bar is based upon that one offense. The act relied upon in the present case was a concealment of an untaxpaid commodity in an attempt to defraud the United States of a tax. There is no later enactment covering this offense."

This argument might convince, but it proves too much. It equally applies to section 3257, and equally proves that this section was not repealed; but the Supreme Court says it was.

It is next contended, in order to escape the rule of the Yuginovich Case, that section 3450 punishes by forfeiture in all cases and section 26 punishes only in case there is a specific arrest and conviction for an underlying offense. This is a distinction, but we think not a difference. The fact that a second statute covers the same act and provides a smaller penalty leads to the conclusion of an implied repeal; so when the second statute covers the same act as a reason for confiscation, but provides some exemptions from the condemnation, we have complete analogy to a lesser penalty. Even if this reason were imperfect, the necessary scope of the Yuginovich decision includes this contention. Section 3450 forfeits all automobiles (used with intent, etc.), and section 26 reaches only those in the possession of a man convicted; but section 3257 punished all distillers (with intent, etc.), and the Volstead Act only those who had no permit. In each case, the later act made exceptions from the class. Again the analogy is perfect.

We are not advised of any other supposed distinctions between the question now presented and that which has been decided by the Supreme Court, and our views concerning those which we have now considered make it necessary to hold that section 3450 is so far repealed that there cannot be a forfeiture thereunder· of the means used in transporting or concealing intoxicating liquor manufactured and intended for beverage purposes. However, this result would be sustained as well by the broader proposition that under the circumstances here existing, there could not have been the intent—necessary under section 3450—to defraud the United States of the tax, and the validity of this broader proposition should be considered. The intent in that section specified is that to defraud of "such tax," and this reference is to "any tax" which "is or shall be imposed" in respect of "any goods or commodities." By the system existing when section 3450 was adopted, it was contemplated that a specified tax was levied by the law upon all distilled spirits and that this tax must be paid by attaching to

the container advance paid revenue stamps, with which it was the duty of every manufacturer to provide himself. This whole system, the automatic imposition of the tax and the advance or simultaneous payment therefor, was abolished by the new law. Stamps were expressly forbidden and—so far as we observe—no other method of payment was provided, if the liquor was for beverage purposes.

It is not easy to see how a duty to pay a tax can arise, if there is no way in which it can be paid and no officer authorized to receive it; nor how, lacking any law which makes it a duty to pay, there can be an intent to defraud the law by not paying, or by acts which would be in aid of an intent not to pay. The only tax which now is ever imposed against such liquor, and is also made payable, is that double tax which the collector specifically assesses in any case where evidence of an unlawful manufacture comes to his notice. The very provision that he shall assess a double tax may be said to imply that one-half of it is in place of that original tax which would have accrued under the old law, but which never had accrued under the new, and which therefore must be specifically levied. Of course, after such assessment, there could be an intent to defraud the United States out of such tax; but that case is not before us. Without doubt the power to tax illicit liquor, in spite of the absolute prohibition against manufacture, continues unimpaired; but the actual existence of any such tax until it is specifically assessed may well be thought to be inconsistent with the abolition of all existing methods of payment and the substitution of no other method.

This question, whether there can be the intent to defraud here alleged, has recently been decided by the Circuit Court of Appeals of the Second Circuit (U. S. v. Two Thousand Cases, etc., 277 Fed. 410), and it concluded that section 3453, R. S. (Comp. St. § 6355), relating to possession of liquor for the purpose of defrauding the internal revenue laws and to avoid payment of the tax, was so far repealed that it could not be applied to the possession of liquor intended for beverage purposes. Its reasoning necessarily leads, we think, to the same conclusion as to section 3450. The court said:

"The Congress, if it had so desired, could have taxed prohibited liquor, and the Supreme Court has so stated. * * * The question here, therefore, is not one of the power, but of legislative intent. * * * We are satisfied that the National Prohibition Act was not intended as a taxing measure in respect of intoxicating liquors for beverage purposes; but 'being a comprehensive statute intended to prevent the manufacture and sale of intoxicating liquors for beverage purposes,' it has erected its own machinery (as illustrated in section 25, supra, and title 2, § 29) to accomplish the desired result."

This was doubtless the view taken by the Circuit Court of Appeals of the Fifth Circuit in U. S. v. One Haynes Automobile, 274 Fed. 926, when it said that it was evident that the tax which it was claimed had not been paid was the double tax and penalty directed by section 35. This case involved precisely the same question now before us, and R. S. § 3450 was held to be pro tanto repealed. The court said:

"It is not, therefore, to be assumed that Congress intended to provide for the forfeiture of vehicles under section 26 of the Volstead Act, with its provisions for preserving the rights of third persons, and still leave them subject to be forfeited under the more drastic provisions of Revised Statutes, § 3450."

The Fourth Circuit Court of Appeals has taken the same general position. In Reed v. Thurmond, 269 Fed. 252, that court held that R. S. § 3296 (Comp. St. § 6038), was repealed, and said (page 254):

"To our minds the Volstead Act, in its entire scope and purpose, is plainly inconsistent with the scheme of revenue protection embodied in the Revised Statutes and in the section under review."

The same substantial question, though not directly involving section 3450, was decided at about the same time by the Circuit Courts of Appeals of the Eighth and Ninth Circuits. The latter was reported in Farley v. U. S., 269 Fed. 721. It held that the National Prohibition Act covered the whole field of acting as a retail liquor dealer, and therefore repealed the earlier internal revenue law, punishing for carrying on this business without paying the tax, and this in spite of the provisions of section 35. The substantial reason for this conclusion was that the entire subject-matter of criminal liability for manufacture or traffic in intoxicants was covered by a later statute, with penalties different from those obtaining under the old statute.

The decision in the Eighth Circuit was in Ketchum v. U. S. (C. C. A.) 270 Fed. 416. The same result was reached as to some of the same sections as by the Supreme Court in the Yuginovich Case; but the Eighth Circuit Court of Appeals plants its decision largely, if not mainly, upon the theory that the old taxes are no longer possible of payment, and hence there can be no intent to defraud by not paying them. Speaking of distillers, the court said (pages 417, 418):

"As the Eighteenth Amendment and the act absolutely prohibited the manufacture and sale of spirituous liquors, except for certain purposes mentioned in the act, the procedure for which is provided for therein, there could have been in force at the date charged no law which would have permitted the defendants to be in possession of a distillery such as is described in the record in this case, whether registered or not. The defendants could have in no way obtained a register of their distillery for the purpose for which they were using it. They could not have carried on the business of a distiller of spirituous liquors, even if they had given a bond, and there was no way by which they could give such bond. The laws in force absolutely prohibited such business, bond or no bond. *They could not have carried on the business of a distiller in spirituous liquors with intent to defraud the United States of the tax on the spirits distilled by them, for the reason that at the time the offense charged was committed it would have been impossible for the defendants to pay any tax, or to receive any protection even if it had been paid.* [Italics ours.] There was no tax to be paid. To absolutely prohibit the manufacture and sale of spirituous liquors, and then to send persons engaged in such business to the penitentiary because they had not paid a tax on the spirits distilled, involves such a contradiction of purpose that there would seem to be no escape from the conclusion that the law requiring the payment of a tax is inconsistent beyond all reasonable doubt with the act."

This comment is plainly applicable to section 3450, and in view of the consensus of opinion in all the Circuit Courts of Appeal which have passed upon the question, and in view of the inherent strength of the argument, we should be inclined to say that the underlying duty to pay the old tax did not so persist, after the Volstead Act became effective, as to furnish the necessary basis for an intent to defraud by not paying it. This inference would be fortified by a closer study of the "existing

laws" to which section 35 refers than has been made in the reported cases. R. S. § 3251 (Comp. St. § 5985), said:

"There shall be levied * * * on all distilled spirits * * * a tax * * * to be paid by the distiller * * * before removal from the distillery warehouse. * * * The tax shall be a first lien on the spirits distilled * * *" from the time such spirits are in existence until they are paid.

This was pro tanto superseded by section 48 of the Act of August 27, 1894 (Comp. St. § 5986), providing that—

"On and after the passage of this act there shall be levied and collected on all distilled spirits * * * that may be * * * thereafter produced, a tax," etc. "The tax herein imposed shall be paid by the distiller of the spirits, on or before their removal," etc.

Before January, 1920, this in turn, had been replaced by section 600 of the Act of February 24, 1919 (Comp. St. Ann. Supp. 1919, § 5986e), in the language of the act of 1894, except that the tax of $6.40 per gallon is "in lieu of the internal revenue tax now imposed thereon by law," and the tax is "to be paid by the distiller * * * when withdrawn, and collected under the provisions of existing laws." R. S. § 3253 (Comp. St. § 5988), also has a bearing. It is given in the margin.[1]

While it might be assumed that the lien given by section 3251 continued under the act of 1919, which gave a tax "in lieu of" all former ones, yet the tax which "shall be levied and collected" seems to be not so much a tax in rem upon the spirits as in personam against the distiller. No other person except the distiller is permitted to pay. Collection is to be made from him. It is not clear how a tax on beverage liquor that was created only as one to be levied against and paid by the distiller can exist after payment has been prohibited as to beverage liquor.

While these considerations are persuasive, we hesitate to rest our conclusion in this case upon these views. We say this because the opinion in the Yuginovich Case to some extent assumes that the liquor there involved was subject to the old taxes, without assessment under section 35. However, that question was not particularly considered and was not involved. The court was discussing and combating the broad claim that since the National Prohibition Act beverage liquor was not taxable. To this claim the inclusive language of the act, and the specific provision in section 35 for assessment of taxes, formed a complete answer, and the new statute, providing a smaller penalty for what the court considered the same act, was held to repeal the former statute. This result would follow just the same whether or not the old tax still existed. The fact that under the new law it has become impossible to pay the old tax was not considered by the Supreme Court,

[1] Sec. 3253. (Tax on Spirits Removed Without Deposit in Warehouse.) The tax upon any distilled spirits, removed from the place where they were distilled and not deposited in bonded warehouse as required by law, shall at any time, when knowledge of such fact is obtained by the Commissioner of Internal Revenue, be assessed by him upon the distiller of the same, and returned to the collector, who shall immediately demand payment of such tax, and, upon the neglect or refusal of payment by the distiller, shall proceed to collect the same by distraint. But this provision shall not exclude any other remedy or proceeding provided by law.

and its decision is not necessarily inconsistent with the reasoning and conclusion of the Courts of Appeals of the Second and Eighth Circuits, above cited; but, being satisfied that the forfeiture of section 26 has been substituted for that of section 3450, we find it unnecessary to decide what we have called the broader question.

Another element in this case should be mentioned as also tending to support the conclusion which we reach: Lewis and his associates were neither manufacturers nor dealers. The tendency of the evidence is that they had bought the liquor from someone and were intending to drink it. Section 35 of the Volstead Act is the one which is relied upon to preserve or to create the untaxpaid status of the liquor; but this section says:

"This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount," etc.

The first sentence of this extract only purports to maintain a personal liability imposed upon the one who manufactures or traffics (even if "such" liquor is not defined so restrictively as in the Second Circuit). The tax is to be assessed against and collected from the "person responsible for * * * manufacture or sale." It is not clear in this state of the law how a mere purchaser can be guilty of an intent to defraud the revenue.

The order of condemnation should be reversed, and the libel dismissed.