## UNITED STATES v. ONE FORD AUTOMOBILE.

(District Court, E. D. Tennessee, N. E. D. May 2, 1924.)

No. 71.

**1. Internal revenue ⬤⟞2—Rev. St. § 3450, not repealed by Prohibition Act as amended.**

Rev. St. § 3450 (Comp. St. § 6352), is not in direct conflict with National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), and is continued in force by Supplemental National Prohibition Act Nov. 23, 1921, § 5 (Comp. St. Ann. Supp. 1923, § 10138⅘c).

**2. Internal revenue ⬤⟞46 — Vehicle used to transport liquor with intent to evade tax is subject to forfeiture regardless of ownership or liens.**

Under Rev. St. § 3450 (Comp. St. § 6352), an automobile, seized while being used in transportation of liquor with intent to defraud the United States of the tax thereon, is subject

to forfeiture without regard to its ownership or liens or claims of third persons in respect thereto.

Information by the United States against one Ford automobile; the Morris Motor Company, intervening claimant. Judgment of forfeiture.

Geo. C. Taylor, U. S. Atty., of Knoxville, Tenn.

S. W. Price and Carter & McKinney, all of Johnson City, Tenn., for claimant.

HICKS, District Judge. This is an information filed by the United States, seeking the seizure, condemnation, and forfeiture of one Ford automobile. This information is based upon section 3450 of the Revised Statutes (Comp. St. § 6352). The information alleges that on March 20, 1922, this car was used in the removal, deposit, and concealment of intoxicating liquors, with intent to defraud the United States of the unpaid tax thereon. The Morris Motor Company filed an intervening petition alleging that the title to said car is in it, but that there had been a conditional sale of the car with title retention in it, to one Smith and one Heaton, and that there is still due, as evidenced by note exhibited with its petition to the Morris Motor Company, the sum of $232.50, and interest. The date of this note is February 25, 1922. The intervener also alleges that it had no knowledge that the automobile was to be used or was used in the transportation of liquor, but that it believed that it was to be used in the taxicab business at Johnson City. On the hearing the intervener admitted the allegations of the information and the government admitted the truth of the intervening petition. The open question upon the admitted facts, therefore, is whether the intervener has any interest in this car which the court can protect as against the government.

Prior to the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), the intervener would have had no such interest. The leading case on this subject is Dobbins-Distillery v. United States, 96 U. S. 395, 24 L. Ed. 637. This was followed by United States v. Stowell, 133 U. S. 11, 10 S. Ct. 244, 33 L. Ed. 555. After the passage of the National Prohibition Act, in Lewis v. United States (6th Cir.) 280 F. 5, in an opinion by Judge Denison, it was held that Revised Statutes 3450 was repealed by title 2, sec. 26, of the National Prohibition Act (section 10138½mm), in so far as the transportation of intoxicating liquors were

concerned. This opinion was based upon the principles adopted by the Supreme Court in United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043. The Yuginovich Case was decided June 1, 1921. Thereafter, on November 23, 1921, Congress passed the supplemental National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138⁴/₅–10138⁴/₅d). By section 5 (section 10138⁴/₅e) of this supplemental act, it is provided: "That all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such laws as are directly in conflict with any provision of the National Prohibition Act or of this act; but if any act is a violation of any of such laws and also of the National Prohibition Act or of this act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other. All taxes and tax penalties provided for in section 35 of title 2 of the National Prohibition Act shall be assessed and collected in the same manner and by the same procedure as other taxes on the manufacture of or traffic in liquor." This section was obviously intended to destroy the effect of the holding in the Yuginovich Case, in which case it was held that sections 3257, 3279, 3281, and 3282 of the Revised Statutes (Comp. St. §§ 5993, 6019, 6021, 6022) had been superseded by the National Prohibition Act.

[1, 2] Since the enactment of the supplemental National Prohibition Act, the Supreme Court has decided the case of United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. In the Stafoff Case the court said: "But the supplemental act that we have quoted puts a new face upon later dealings. From the time that it went into effect it had the same operation as if instead of saying that the laws referred to shall continue in force it had enacted them in terms. * * * For offenses committed after the new law, United States v. Yuginovich cannot be relied upon." It is therefore clear that section 5 of the supplemental National Prohibition Act continues in force all laws in regard to the manufacture, taxation of and traffic in intoxicating liquor and all violations thereof, except such provisions thereof as are directly in conflict with any provision of the National Prohibition Act, so that the testing question here is: Is section 3450 of the Revised Statutes in any wise in conflict with section 26 of the National Pro-

hibition Act? Section 26 provides for forfeiture of a car seized in the transportation of liquor, and upon conviction of the person transporting. It also provides for forfeiture of the car where no one shall be found claiming the same. This does not appear to me to be in conflict with the provisions of section 3450 providing for the forfeiture of a car which has been found engaged in the removal of intoxicating liquor with intent to defraud the Government of the tax. Both statutes can consistently stand together, and this seems to be the uniform attitude of such courts as have passed thereon since the enactment of the supplemental National Prohibition Act. United States v. One Cadillac Automobile (D. C.) 292 F. 773; United States v. One Essex Coupe (D. C.) 291 F. 479; United States v. Story (C. C. A.) 294 F. 519. If section 3450 of the Revised Statutes is thus reenacted by the supplemental National Prohibition Act, which seems to be the effect of it, as shown by the weight of authority, then the intervener has no right in the car libeled in this case which it can assert as against the claim of the government. Goldsmith-Grant Co. v. United States, 254 U. S. 508, 41 S. Ct. 189, 65 L. Ed. 376. Any discussion of this opinion would not be helpful. The holding is clear-cut and to the point.

The result is that the petition of Morris Motor Company is dismissed, and the libelant will have judgment upon the bond filed in lieu of the car and for costs.