## UNITED STATES v. ONE DURANT TOUR-ING CAR.

(District Court, W. D. Texas, El Paso Division. December 15, 1924.)

**I. Internal revenue** ⬥**46—Automobile being used in transportation of liquor with intent to defraud government of tax subject to forfeiture, without regard to ownership, liens, or claims.**

Automobile, seized while being used in transportation of liquor in attempt to defraud government of tax thereon, is subject to forfeiture, without regard to ownership, or liens or claims of third persons in respect thereto, notwithstanding National Prohibition Act as supplemented by Act Nov. 23, 1921 (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

**2. Customs duties** ⬥**130 — Automobile, into which smuggled liquor was being loaded, was being used for "transportation" or "removal" of liquor.**

Automobile, into which liquor which had been illegally imported was being loaded, in attempt to defraud the government of tax thereon under customs laws, was being used for the "transportation" or "removal" of the liquor, and was therefore subject to forfeiture.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Remove—Removal; Transport—Transportation.]

Proceeding by the United States against one Durant touring car, in which the holder of a lien intervened. On application to set aside default judgment. Denied.

Loomis & Kirkland, of El Paso, Tex., for the motion.

H. R. Gamble, Sp. Asst. U. S. Atty., of El Paso, Tex., opposed.

ATWELL, District Judge. At the hearing of the motion the merits of the intervener's claim were presented. If the intervener could have no property in the automobile, nor any benefit from the setting aside of the default judgment, there would be no reason to set the same aside; hence the intervention, as well as the motion, were considered together.

The facts indicate that at 3 or 4 o'clock in the morning, on the banks of the Rio Grande, at or near El Paso, Tex., where that river marks the boundary between the United States and Mexico, several United States customs officials, having had intimation that a shipment of liquors from Mexico to the United States would cross the river at or near that point and be loaded into a Durant automobile for continued transportation, watched for and detected several men taking the liquors from the bank of the river in a wheelbarrow to the automobile in question, and there loading them into the car. When the United States officers approached, the men so engaged fired upon them and ran; some of the firing came from across the Rio Grande, in the direction from which it is presumed the liquors came. The officers found a large quantity of liquor, part of which was in the back of the automobile, and some of which was on the running board of the automobile, and the remainder of which was piled near the automobile and in the wheelbarrow. There were tracks, running from the car to the edge of the water, made by the wheelbarrow. The cases in which the liquor was contained were branded "Sinaloa," and with the name of a firm in that state in Mexico which operates

a large sugar plantation, the principal by-product of which is liquor. The cases themselves were Mexican manufacture.

The intervener has a lien upon the automobile. It is a good-faith transaction, and so far as the intervener is concerned there is no fraud or connivance. Under the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) the intervener's lien would be protected and respected. The government proceeds, however, in this case under the customs laws. Prior to the supplemental National Prohibition Act of November 23, 1921, and under the authority of United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; and mentioned in Lewis v. U. S. (C. C. A.) 280 F. 5, it was thought that the National Prohibition Act repealed the customs laws in so far as the transportation of intoxicating liquor was concerned. Since that act, however, all of the courts, I believe, hold the view that both the customs regulations, which do not conflict with the National Prohibition Act, and that act itself, are alive and effective, and may be advantaged by government officials. United States v. Staf-off, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358; United States v. One Cadillac (D. C.) 292 F. 773; United States v. One Essex Coupe (D. C.) 291 F. 479; United States v. Story (C. C. A.) 294 F. 519; Goldsmith v. United States, 254 U. S. 508, 41 S. Ct. 189, 65 L. Ed. 376; United States v. One Ford (D. C.) 1 F.(2d) 654.

[1] An automobile, therefore, seized while being used in the transportation of liquor with intent to defraud the United States of the tax thereon, is subject to forfeiture, without regard to its ownership, or liens or claims of third persons in respect thereto.

Second. The facts of the case are less satisfactory than the law, in so far as the government's side is concerned. Is an automobile into which liquors are being loaded, such liquors having been illegally imported into the United States, in fraud of the customs laws, engaged in "moving" or "transporting" such liquors? One court has held that contraband carried on the person of the driver of a car is no ground for forfeiture. United States v. One Ford (D. C.) 286 F. 204. An auto is not forfeitable, when one is arrested therein who is about to deliver a capsule of cocaine. U. S. v. One Kissel Touring Automobile (D. C.) 289 F. 121. To the same effect, with reference to liquor, U. S. v. One Buick (D. C.) 300 F. 584.

[2] I cannot share in a distinction so delicate. "Transportation" or "removal" consists in various acts. It is not altogether and alone movement. Certainly one is engaged in "transporting" or "removing" who is loading into the vehicle, and the vehicle which, though standing still at the time, receives the articles—into which the articles are actually loaded—is to that extent engaged in "transportation" or "removal." The evidence here, though largely circumstantial, leaves no reasonable ground for the finding of anything else than that the liquors in question were brought from the republic of Mexico into the United States illegally and in violation of the tariff laws and were in fact smuggled goods, and likewise were "transported" from the bank of the river to the automobile, and there loaded into the automobile for continued "transportation" and movement.

It appearing that the intervener has no right in the car seized under these circumstances and proceeded against under these statutes, the judgment by default will not be set aside.