CHARLES ZIMMERMAN SONS CO. v. FERGUSON, Collector of Customs, et al.

(District Court, E. D. Michigan, S. D. December 3, 1926.)

No. 1383.

1. Customs duties ⬦133—Evidence held to show unlawful importation of beer, authorizing seizure and forfeiture of automobile used therein (Tariff Act 1922, tit. 4, § 593b [Comp. St. § 5841h13]).

Evidence held to show importation of beer without legal permit or authority, and without payment of customs duties, so as to authorize seizure and forfeiture of automobile used therein, under Tariff Act 1922, tit. 4, § 593b (Comp. St. § 5841h13).

2. Intoxicating liquors ⬦132—Tariff Act supersedes provisions of any prior prohibition statute inconsistent therewith (Tariff Act 1922; National Prohibition Act [Comp. St. § 10138¼ et seq.]; Willis-Campbell Act [Comp. St. § 10138½aaa et seq.]).

Tariff Act 1922 (42 Stat. 858), enacted after the passage of the National Prohibition Act (Comp. St. § 10138¼ et seq.), and the Willis-Campbell Act, supplementary thereto (Comp. St. § 10138½aaa et seq.), supersedes any of the provisions of any previous prohibition statute inconsistent therewith.

3. Customs duties ⬦130—Automobile used in transporting beer imported without payment of duty is subject to forfeiture under tariff laws (Tariff Act 1922, schedule 8, par. 801, and tit. 4, § 594 [Comp. St. §§ 5841a, 5841h-14]; Prohibition Act, tits. 2, 3 [Comp. St. § 10138½ et seq.]).

Automobile used in transporting beer, imported without payment of duty as provided by Tariff Act 1922, Schedule 8, par. 801 (Comp. St. § 5841a), was subject to seizure and forfeiture under title 4, §§ 593b, 594, 607, 609 (Comp. St. §§ 5841h13, 5841h14, 5841h27, 5841h29) despite proviso, in Schedule 8, that provisions of Prohibition Act, tits. 2, 3 (Comp. St. § 10138½ et seq.), shall not be limited or restricted.

4. Customs duties ⬦130—Internal revenue ⬦46—Good faith of owner of vehicle, seized because of use in violation of customs or internal revenue laws, does not preclude forfeiture.

Where vehicle seized was used in violation of customs or internal revenue laws, mere good faith of owner or holder of lien thereon, and lack of knowledge of unlawful use, will not save him from loss by forfeiture of his interest in vehicle, at least if possession was intrusted to person from whom it was seized.

5. Customs duties ⬦130—Mortgagee's good faith did not preclude forfeiture of automobile used in transporting beer without payment of customs duties (Tariff Act 1922, Schedule 8, par. 801, and title 4, § 594 [Comp. St. §§ 5841a, 5841h14]).

Where automobile was sold unconditionally, on payment of part of purchase price and giving of chattel mortgage thereon for remainder, mortgagee's good faith did not preclude seizure and forfeiture, under Tariff Act 1922, tit. 4, § 594 (Comp. St. § 5841h14), because of mortgagor's use of automobile for transporting beer imported without payment of duty, required by Schedule 8, par. 801 (Comp. St. § 5841a).

In Equity. Suit by the Charles Zimmerman Sons Company against Carey D. Ferguson, Collector of Customs, and others. Decree dismissing the bill.

Campbell, Bulkley & Ledyard, of Detroit, Mich., for plaintiff.

Delos G. Smith, U. S. Atty., and C. Frederick Stanton, Asst. U. S. Atty., both of Detroit, Mich., for defendants.

TUTTLE, District Judge. This cause is before the court for final decree on bill and answer and on the proofs taken thereon in open court.

The material facts as I find them to be from the evidence in the records are as follows: In August, 1925, plaintiff, an Ohio corporation engaged in the business of selling automobiles, sold and delivered an automobile at Columbus, Ohio, to one James Harrison, receiving a cash payment on account of the purchase price thereof, and taking from

the purchaser at the same time a chattel mortgage on said automobile to secure the balance of such purchase price. The chattel mortgage provided for the retention of possession of the automobile by the mortgagor until default therein, in which event the mortgagee was authorized to take such possession. Shortly thereafter the said mortgagor drove said automobile to Michigan, whether with or without the consent of the plaintiff mortgagee does not appear. The mortgage provided that the automobile should not be removed, without such consent, from the county (in Ohio) where it had been so mortgaged. An Ohio statute also prohibited the removal from that state of mortgaged property without the consent of the mortgagee and with intent to defraud such mortgagee. At the time of such removal of the car from Ohio to Michigan the mortgagor was not in default in his payments secured by such mortgage, and there is no evidence that he intended to defraud the mortgagee. In November, 1925, this automobile was seized by customs officers while it was being used by its owner, the said mortgagor, in carrying 17 cases (of 24 bottles each) of beer which had been imported from Canada to the United States contrary to law. The seizure was made near the village of Ecorse, Mich., at a spot near the Detroit river, which separates the United States from the Dominion of Canada at that point. At the same time said Harrison was arrested, and later convicted on a charge of violating section 593b of the Tariff Act of 1922 (Comp. St. § 5841h13) by the concealment and transportation of such beer knowing that it had been imported from Canada. There is no evidence tending to show, and it is not claimed by the government, that the plaintiff had any knowledge, or reason to suspect, that said car was being, or would be, used in this or any other unlawful manner. After the seizure of this car, but before the institution of contemplated legal proceedings for the condemnation and forfeiture thereof, the plaintiff filed this bill against the United States collector of customs for this district and certain other customs officials, challenging the validity of such seizure and forfeiture and praying that such proceedings be restrained and such car delivered to the plaintiff. The mortgagor is now in such default under the mortgage that the plaintiff mortgagee is entitled to the possession sought by it unless, notwithstanding its own innocence in the premises, its rights as mortgagee are subordinate to the right of the government to enforce the forfeiture claimed by it. The amount due on said mortgage is $684.97, and

the value of the car is not more than that sum. The plaintiff urges (1) that the evidence is insufficient to warrant any forfeiture under the customs statute; (2) that the forfeiture provisions of said customs statutes have been superseded and nullified, as applied to this case, by the National Prohibition Act (Comp. St. § 10138¼ et seq.); and (3) that in any event, under the facts of this case, the good faith of the plaintiff protects its rights as mortgagee as against the right of forfeiture asserted by the government.

[1] 1. I do not doubt that there is sufficient evidence of violation of the customs laws by the use of this automobile to bring its seizure and forfeiture within the express provisions of such laws. The owner mortgagor testified on the hearing in this cause that he understood that the beer which he was carrying in this car had been imported from Canada and that he had purchased it as Canadian beer. Not only is it a fact of such common knowledge that this court could take judicial notice thereof, but there was also positive and ample testimony at the hearing herein, that the place where this beer was thus purchased, in Ecorse, Mich., was, at least at the time in question, the principal place to which beer was being smuggled from Canada to this country, and at or near which it was being landed and sold to "bootleggers" and others, and that these facts were well and widely known. The bottles composing this particular shipment of beer bore labels showing Canadian origin and identification, and contained a description of the contents of such beer and the name and address of the Canadian brewer thereof. The direct evidence and the inferences to be properly drawn therefrom amply support the finding that this beer had been imported from Canada to the United States without legal permit or authority, without the payment of the customs duties payable thereon, and in violation of the customs statutes applicable. Benson v. United States, 10 F.(2d) 309 (C. C. A. 5).

[2, 3] 2. In view of the provisions of the Tariff Act of 1922, enacted after the passage of the National Prohibition Act, and after the enactment of the 1921 act supplemental thereto, known as the Willis-Campbell Act (Comp. St. § 10138½aaa et seq.) it is unnecessary to determine, for the purposes of this case, to what extent the prohibition legislation just mentioned repealed or superseded sections of the customs statutes previously in force, as, of course, said 1922 customs statute itself superseded any previously enacted prohibition statute inconsistent therewith. United States v. Cardwell (D. C.) 9 F.(2d) 146.

The Act of Congress of September 21, 1922, known as the Tariff Act of 1922, imposes customs duties on, and otherwise regulates the importation of, among other articles, beer and other intoxicating liquors (paragraph 801 of Schedule 8 of said Act [Comp. St. § 5841a]), including liquors "the importation of which is prohibited" (section 401 of said Tariff Act [Comp. St. § 5841d]). Section 593 (b) provides for the punishment of any person who "knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law." Section 594 of said Tariff Act provides that: "Whenever a vessel or vehicle, or the owner or master, conductor, driver, or other person in charge thereof, has become subject to a penalty for violation of the customs revenue laws of the United States, such vessel or vehicle shall be held for the payment of such penalty and may be seized and proceeded against summarily by libel to recover the same." Comp. St. § 5841h14. Other sections prescribe the procedure for the forfeiture of such a vehicle. Thus, section 607 (Comp. St. § 5841h27) provides that if, as here, the value of such vehicle does not exceed one thousand dollars the collector of customs shall cause a notice of the seizure thereof and of the intention to forfeit the same to be published as therein provided. Section 608 (Comp. St. § 5841h28) permits the filing, with the collector, by any person claiming such vehicle, of a claim stating his interest therein. Section 609 (Comp. St. § 5841h29) provides that, if no such claim is filed or bond given as so permitted, "the collector shall declare the * * * vehicle * * * forfeited, and shall sell the same at public auction in the same manner as merchandise abandoned to the United States is sold, and shall deposit the proceeds of sale, after deducting the actual expenses of seizure, publication and sale, in the treasury of the United States." Section 613 (Comp. St. § 5841h33) provides that any person claiming any vehicle which has been forfeited and sold under the provisions of said act may at any time within three months thereafter apply to the Secretary of the Treasury for a remission of such forfeiture and restoration of the proceeds of such sale as may be claimed by him, and that upon the production of satisfactory proof that the applicant did not, and could not, know of the seizure prior to the condemnation or forfeiture, and that such forfeiture was incurred without his willful negligence or intention to defraud, the Secretary of the Treasury may order such proceeds of sale restored to the applicant, after deducting the costs and expenses of the seizure and sale and of any duties which may have accrued. Said section further provides that, if no such application be made within such time, or be denied by said Secretary, the proceeds of said sale shall first be applied to the payment of the expenses of the said forfeiture proceedings and duties, and that "the residue shall be deposited with the Treasurer of the United States as a customs or navigation fine." It is not shown nor claimed here that any of the foregoing provisions of the Tariff Act of 1922 are invalid, and such provisions clearly appear to be applicable to the facts presented by this record and established by the findings of fact hereinbefore stated. It will be noted that these statutory provisions refer to the vehicle itself, and not merely to the person in charge thereof, as the offender "subject to a penalty" and provide for the enforcement of such penalty by the prescribed forfeiture and sale and the disposition of the proceeds of such sale in the manner specified, including the collection of any remaining "residue" thereof "as a customs fine."

Plaintiff points to the proviso, in Schedule 8 of said Tariff Act, that "nothing in this schedule shall be construed as in any manner limiting or restricting the provisions of title II or III of the National Prohibition Act, as amended" (Comp. St. § 5841a). Said schedule is one of the schedules of the act specifically prescribing the amounts and rates of customs duties thereby imposed upon the various articles and commodities falling within the dutiable list. Schedule 8 is entitled "Spirits, Wines, and Other Beverages," and merely specifies the duties imposed upon such beverages, including beer and other intoxicating liquors. The apparent purpose and meaning of the proviso just quoted are to make it clear that the imposition of such duties upon such intoxicating liquors shall not be construed as "limiting" or "restricting" the operation or application of the National Prohibition Act to liquors not included in such dutiable list. Clearly, there is nothing in such proviso nor in the schedule to which it refers which has any effect or bearing upon the facts or questions involved in this case.

[4, 5] 3. Finally, it is urged by plaintiff that, because the automobile in question had been removed from Ohio, and was being used, when so seized, without the consent or knowledge of the plaintiff that it should be used in an un-

lawful manner, therefore plaintiff is entitled, as a good faith mortgagee, to protection against the forfeiture threatened. It is, of course, settled that where, as here, a vehicle is seized while being used in violation of the United States customs or internal revenue laws, the mere good faith of the owner thereof or of the holder of a lien thereon, and his lack of knowledge of such unlawful use, will not save him from the loss, by forfeiture, of his interest in such vehicle, at least if he has intrusted the possession of such vehicle to the person from whom it is so seized. J. W. Goldsmith, Jr.–Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376; Van Oster v. Kansas, 47 S. Ct. 133, 71 L. Ed. —— (decided by United States Supreme Court November 22, 1926); United States v. One Buick Automobile (D. C.) 300 F. 584; United States v. One Durant Touring Car (D. C.) 2 F.(2d) 478; United States v. One Lincoln Touring Car (D. C.) 11 F.(2d) 551. It is true that in the Goldsmith–Grant Case, supra, after holding that the good faith of a conditional vendor of an automobile permitted to remain in the possession of the vendee did not protect such vendor from the forfeiture thereof, since a "certain personality, a power of complicity and guilt in the wrong," was ascribed to the property so forfeited, and "the thing is primarily considered the offender," the Supreme Court stated that it reserved opinion as to whether that rule "can be extended to property stolen from the owner or otherwise taken from him without his privity or consent." Plaintiff cites the language of the court just quoted, and contends that it is applicable here. I cannot agree with this contention. The automobile involved in this case was certainly not stolen from the plaintiff. Neither can it be properly said to have been "otherwise taken from him without his privity or consent." On the contrary, it clearly appears that said automobile was sold, not even conditionally but absolutely, by the plaintiff to the purchaser already mentioned and its possession transferred to him; that such right of possession was recognized and continued by the terms of the chattel mortgage previously referred to, subject only to the right of the plaintiff to recover such possession on default by the mortgagor in such mortgage; that no such default prior to the seizure of the automobile has been shown; and that no demand for, nor attempted recovery of, such possession by the plaintiff had up to that time been made, so far as appears. Moreover, even if, after plaintiff had delivered such possession to such purchaser, it became entitled to repossession thereof, it still could not, in my opinion, be held that for that reason such automobile, under the circumstances here presented, had been taken from the plaintiff without its privity or consent. United States v. One Lincoln Touring Car, supra. It follows that the good faith of the plaintiff in this connection is immaterial.

A decree will be entered, dismissing the bill of complaint.